Dallas Lowell BAKER, Appellant

v.

The STATE of Texas, Appellee.

Nos. 14–08–00119–CR, 14–08–00120–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 24, 2009.

924

Terry W. Yates, Bellaire, TX, for appellants.

Alan Curry, Houston, TX, for State.

Panel consists of Chief Justice HEDGES and Justices ANDERSON and SEYMORE.

## OPINION

ADELE HEDGES, Chief Justice.

Appellant, Dallas Lowell Baker, appeals from his two convictions for online solicitation of a minor under section 33.021 of the Texas Penal Code. After finding appellant guilty of both offenses, the jury assessed appellant's punishment for one offense at five years confinement in the institutional division of the Texas Department of Corrections. For the other offense, the jury assessed punishment at five years confinement in a state jail facility and a $10,000 fine and recommended that appellant be placed on community supervision and the fine probated. In a single issue on appeal, appellant contends the sentence of five years for a state jail felony is void and illegal. On that basis, he prays for reversal and remand for a new punishment

hearing on both convictions. We reverse and remand for a new punishment hearing only regarding the state jail felony conviction. We affirm the other conviction and punishment.

## Discussion

■ The parties are well-acquainted with the facts of this case, so we will not recount them here. The jury charge on punishment in cause number 1148754 informed the jury that the offense was a felony punishable by between two years and twenty years in the Institutional Division of the Texas Department of Corrections plus a fine of up to $10,000. The jury assessed five years' incarceration as punishment, and the judge pronounced and entered judgment in keeping with the jury's assessment. In cause number 1148755, the charge on punishment informed the jury that the offense was a state jail felony, punishable by between 180 days and two years in a state jail facility plus a fine of up to $10,000. The jury assessed five years and a $10,000 fine as punishment but recommended that appellant be placed on community supervision and the fine probated. After the trial judge orally pronounced sentence in keeping with the two verdicts and dismissed the jury, the judge entered a written judgment listing the sentence in cause number 1148755 as two years (instead of the jury-assessed five years) in a state jail facility plus a $10,000 fine, with community supervision and probation for five years.[1]

In his brief, appellant argues that the jury's assessment, as well as the trial court's oral pronouncement, of five years incarceration as punishment for the state jail felony was void and illegal because it was outside the statutory range for state jail felonies. See TEX. PENAL CODE ANN. § 12.35(a) (providing that a state jail felony is generally punishable by confinement for a term of not more than two years or less than 180 days); Mizell v. State, 119 S.W.3d 804, 806 (Tex.Crim.App.2003) ("A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal."); Speth v. State, 6 S.W.3d 530, 532–33 (Tex.Crim.App.1999) ("[A] defendant has an absolute and nonwaiveable right to be sentenced within the proper range of punishment established by the Legislature."). Appellant further argues that the trial court was without authority to correct the error by simply inserting an appropriate sentence in the judgment and that this court is also without authority to reform the verdict. See, e.g., Coffey v. State, 979 S.W.2d 326, 328–29 (Tex.Crim.App.1998) ("when there is a variation between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement controls.... Any subsequent deviation from that sentence, i.e. either a decrease or increase, could not supersede what had already been imposed in open court."); Ex parte McIver, 586 S.W.2d 851, 854 (Tex.Crim.App.1979) ("Courts have no power to change a jury verdict unless it is with the jury's consent and before they have dispersed."); see also George E. Dix & Robert O. Dawson, 43A Texas Practice: Criminal Practice and Procedure §§ 43.494 and 43.496 (2d ed. 2001 & Supp.2007–2008) (discussing general rule that appellate courts cannot reform a sentence to conform with the proper statutory range). Appellant additionally argues that

1. It should be noted that appellant was charged and convicted under a prior version of section 33.021. See Act of June 18, 2005, 79th Leg., R.S., ch. 1273, § 1, 2005 Tex. Gen. Laws 4049, 4050. The current version does not impose any penalty less than a third degree felony (i.e., state jail felony punishment is no longer an option). TEX. PENAL CODE ANN. § 33.021.

because of the uncertainty generated by the jury's void and illegal sentence in cause number 1148755, the judgments in both cases below, cause numbers 1148755 and 1149754, should be reversed and remanded for a new trial on punishment.[2]

In response, the State argues that a void or illegal sentence was not imposed in cause number 1148755 because, in fact, no sentence was imposed in that cause; instead, the jury recommended and the trial court granted community supervision of the state jail term and probation of the fine. According to the State, because community supervision and probation operated to suspend imposition of the sentence, no sentence was actually imposed, and nothing void or illegal occurred.[3]

 We agree with appellant's first two arguments—that the jury's assessment and the trial court's pronouncement of five years incarceration for the state jail felony was void as being outside the statutory range and that the trial court and this court are without authority to correct the error by reformation of the sentence. As a consequence, we reject the State's argument that the grant of community supervision abrogates any illegality. The Court of Criminal Appeals has consistently held that a sentence outside the proscribed punishment range is void and illegal. *See, e.g., Mizell*, 119 S.W.3d at 806 & n. 7 (citing cases from 2002, 2001, 1996, and 1979). An illegal sentence "has no legal effect." *Id.* at 806. Any court with jurisdiction can notice and take action upon an illegal or void sentence at any time, even sua sponte. *Id.* at 805–07. Heedless of this well-established line of authority, the State argues that an order for community supervision contemplates an uncorrected illegal punishment and a void sentence remaining in a judgment until such time as the defendant violates his or her probation and sentence is imposed. The State bases this argument on the notion that an order of community supervision suspends imposition of the underlying sentence. While true when the sentence is legal and not void, the State's argument begs the question of how an order of community supervision could suspend the imposition of a void sentence. Logically, an order of community supervision cannot suspend a sentence that was of no legal effect at the time of pronouncement. *See Speth*, 6 S.W.3d at 532 (holding that a sentence and an order for community supervision are two separate parts of a criminal judgment).

 Contrary to the State's suggestion otherwise, when a sentence includes an unauthorized punishment, it is not the imposition of the sentence that is void and illegal, it is the sentence itself. *See Mizell*, 119 S.W.3d at 806 & n. 7. Given that (1) a defendant has "an absolute and nonwaiveable right to be sentenced within the proper

---

2. In support of this latter contention, appellant cites principally *Splawn v. State*, 160 S.W.3d 103, 108 (Tex.App.-Texarkana 2005, pet. ref'd), suggesting that it supports the notion that when a jury assesses an improper punishment on one offense, there can also be no certainty in the verdict in a separate cause tried at the same time. The court of appeals in *Splawn*, however, actually reversed and remanded only the cause for which an inappropriate punishment was assessed, affirming the conviction and punishment in the other cause. *Id.* at 115.

3. In support of its argument, the State cites *Green v. State*, 706 S.W.2d 653, 656 (Tex. Crim.App.1986), and *McCullar v. State*, 676 S.W.2d 587, 588 (Tex.Crim.App.1984). In these cases, the Court of Criminal Appeals explained that a grant of probation is not part of the sentence or punishment but constitutes a separate part of a judgment, which operates to suspend imposition of the sentence. *Green*, 706 S.W.2d at 656–57; *McCullar*, 676 S.W.2d at 588.

range of punishment," *Speth,* 6 S.W.3d at 532–33; (2) an illegal sentence "has no legal effect," *Mizell,* 119 S.W.3d at 806; and (3) any court with jurisdiction may notice and take action upon a void or illegal sentence at any time, *id.* at 805–07, we hold that an order of community supervision does not require a void or illegal sentence to remain uncorrected unless and until revocation and the imposition of the sentence.[4] Consequently, we further hold that the trial court erred in pronouncing a void and illegal sentence in cause number 1148754 and in entering a different punishment in the written judgment.

 Lastly, we turn to appellant's contention that the uncertainty generated by the void and illegal sentence in cause number 1148755 warrants a new punishment trial in both cause number 1148755 and cause number 1149754. We disagree. Nothing in the record suggests jury confusion regarding cause number 1149754. The punishment assessed in that cause was within the statutory range, even on the low end. The fact that the jury did not recommend community supervision in cause number 1149754, while it did in cause number 1149755, indicates separate consideration of each cause. We find no basis in the record for reversal of the judgment in cause number 1149754. *See Splawn v. State,* 160 S.W.3d 103, 115 (Tex. App.-Texarkana 2005, pet. ref'd) (reversing and remanding only the cause for which an inappropriate punishment was assessed

and affirming the punishment assessed in the other cause).

We reverse the trial court's judgment in cause number 1148755 and remand that cause for a new punishment trial. We affirm the trial court's judgment in cause number 1149754.

---

4. Although we have found no other cases addressing the specific argument raised here by the State, reasoning by other courts has held consistent with our conclusion. In *State v. Marroquin,* the Amarillo Court of Appeals reversed and remanded for a new punishment hearing because the sentence was outside the range of punishment, even though the sentence had been suspended and the defendant placed on community supervision. 253 S.W.3d 783, 784–85 (Tex.App.-Amarillo 2007, no pet.). In *State v. Dudley,* the Tyler Court

of Appeals held that a sentence was not void because it was within the statutory range even though a community supervision order had suspended its imposition. 223 S.W.3d 717, 722 (Tex.App.-Tyler 2007, no pet.). In *Rohret v. State,* the Dallas Court of Appeals held that the judgment did not contain an illegal punishment or void sentence even though imposition of part of the sentence had been suspended. 41 S.W.3d 218, 223 n. 7 (Tex.App.-Dallas 2001, no pet.).