# NO. 12-11-00217-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *MICHAEL A. KENNEDY,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Relator Michael A. Kennedy alleges in this original proceeding that the trial court has "denied and prevented [him] a right to challenge [his] conviction and to remove excessive punishment and sentence and a right to counsel." We deny the petition.

## BACKGROUND

Relator was charged with theft of property worth more than $1,500 and less than $20,000. The indictment alleged that the victim was elderly, which elevated the punishment range from that of a state jail felony to that of a third degree felony. The indictment also contained a single enhancement paragraph alleging that Relator had previously been convicted of a felony offense. At trial, the State was permitted to seek an enhanced sentence based on Relator's previous convictions for two felony offenses, instead of one as alleged in the indictment. The jury found Relator guilty and assessed punishment at imprisonment for sixty-two years and a fine of $10,000. *See **Kennedy v. State***, No. 12-08-00246-CR, 2009 WL 4829989, at *1 (Tex. App.–Tyler Dec. 16, 2009, pet. stricken) (mem. op., not designated for publication).

On appeal, Relator argued, and this court held, that one of the convictions used to enhance Relator's sentence was not shown to be a final conviction. Accordingly, this court reversed the trial court's judgment with respect to the punishment imposed and remanded the case to the trial court for a new punishment hearing. *See **id**.*, at *4. On remand, the trial court

conducted a new punishment hearing, and the jury assessed Relator's punishment at ninety-nine years of imprisonment. The trial court sentenced Relator in accordance with the jury's punishment verdict. Relator filed a notice of appeal from the trial court's judgment, and that appeal is now pending in this court's cause number 12-11-00041-CR.

## PREREQUISITES TO MANDAMUS

To obtain mandamus relief in a criminal case, a relator must demonstrate that he does not have an adequate remedy at law to redress his alleged harm and that the act he seeks to compel is ministerial (not involving a discretionary or judicial decision). *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). If the relator fails to satisfy either aspect of this two part test, mandamus relief should be denied. *Id*. Additionally, a relator must furnish a record sufficient to support his claim for mandamus relief. *See* TEX. R. APP. P. 52.7(a).

## AVAILABILITY OF MANDAMUS

In his mandamus petition, Relator first complains that his sentence is "legally void in violation of [the] indictment and without legal authorities." The courts of appeals have limited mandamus jurisdiction over criminal law matters. *Dickens v. Second Court of Appeals*, 727 S.W.2d 542, 548 (Tex. Crim. App. 1987). A claim of illegal sentence for a felony conviction is not an appropriate basis for mandamus relief, but instead is a matter for habeas relief. *See* TEX. CODE CRIM. PROC. ANN. arts. 11.01 (Vernon 2005), 11.07 (Vernon Supp. 2010); *see also Ex parte Rich*, 194 S.W.3d 508, 511 (Tex. Crim. App. 2006) (holding that a claim of illegal sentence is cognizable on a postconviction writ of habeas corpus). In this case, however, Relator has not filed a brief in his pending appeal. Therefore, he can challenge the legality of his sentence in that proceeding. *See, e.g., Baker v. State*, 278 S.W.3d 923, 924-25 (Tex. App.–Houston [14th Dist.] 2009, pet. ref'd) (addressing claim of illegal sentence by direct appeal).

Relator next attempts to challenge his conviction asserting that he "has no rights or remedies to challenge his conviction by ways of habeas corpus or any legal authorities that insufficient evidence can be raised by ways of habeas corpus. . . ." This court has affirmed his conviction. *See Kennedy*, 2009 WL 4829989, at *4. Our mandate issued on April 30, 2010, and the judgment is final. Relator cannot collaterally attack a final felony conviction by mandamus.

2

*See, e.g., **In re Green**,* No. 14-10-00452-CR, 2010 WL 2195435, at \*1 (Tex. App.–Houston [14th Dist.] June 3, 2010, orig. proceeding) (mem. op., not designated for publication); ***In re Harrison***, No. 06-08-00098-CV, 2008 WL 4147325, at \*1 (Tex. App.–Texarkana Sept. 10, 2008, orig. proceeding [mandamus denied]) (mem. op., not designated for publication).

Finally, Relator informs us that on June 4, 2011, he filed a motion informing the trial court that he "may need help by a standby counsel or a right to his Sixth Amendment rights to counsel." He requests this assistance only if he is unable to complete his appeal or file an appellate brief due to his indigence or the State refuses to provide any indigent supplies. He asserts further that "the [trial] court should grant a hearing to appoint counsel if prison official[s] will not provide [Relator] indigent supplies." Relator's request for counsel is prospective only and is contingent on events that may not occur. Therefore, even without the record required by Rule 52.7(a), we can conclude that the trial court has not violated a ministerial duty regarding appointment of counsel for Relator.

## DISPOSITION

For the reasons explained above, Relator has failed to show that he is entitled to mandamus relief. Accordingly, his petition for writ of mandamus is ***denied***.


BRIAN HOYLE
Justice



Opinion delivered July 29, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)


3