NO. 12-11-00217-CR

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

IN RE:                                                            §                      

 

MICHAEL A. KENNEDY,                           §                      ORIGINAL
PROCEEDING

 

RELATOR                                                     §                      







MEMORANDUM
OPINION

            Relator
Michael A. Kennedy alleges in this original proceeding that the trial court has
“denied and prevented [him] a right to challenge [his] conviction and to remove
excessive punishment and sentence and a right to counsel.”  We deny the
petition.

 

Background

            Relator
was charged with theft of property worth more than $1,500 and less than
$20,000.  The indictment alleged that the victim was elderly, which elevated
the punishment range from that of a state jail felony to that of a third degree
felony.  The indictment also contained a single enhancement paragraph alleging
that Relator had previously been convicted of a felony offense.  At trial, the
State was permitted to seek an enhanced sentence based on Relator’s previous
convictions for two felony offenses, instead of one as alleged in the indictment. 
The jury found Relator guilty and assessed punishment at imprisonment for
sixty-two years and a fine of $10,000. See Kennedy v. State, No.
12-08-00246-CR, 2009 WL 4829989, at *1 (Tex. App.–Tyler Dec. 16, 2009, pet.
stricken) (mem. op., not designated for publication).  

            On
appeal, Relator argued, and this court held, that one of the convictions used
to enhance Relator’s sentence was not shown to be a final conviction. 
Accordingly, this court reversed the trial court’s judgment with respect to the
punishment imposed and remanded the case to the trial court for a new
punishment hearing.  See id., at *4.  On remand, the trial court
conducted a new punishment hearing, and the jury assessed Relator’s punishment
at ninety-nine years of imprisonment.  The trial court sentenced Relator in
accordance with the jury’s punishment verdict.  Relator filed a notice of
appeal from the trial court’s judgment, and that appeal is now pending in this
court’s cause number 12-11-00041-CR.

 

Prerequisites to Mandamus

             To
obtain mandamus relief in a criminal case, a relator must demonstrate that he
does not have an adequate remedy at law to redress his alleged harm and that
the act he seeks to compel is ministerial (not involving a discretionary or
judicial decision).  State ex rel. Young v. Sixth Judicial Dist. Court of
Appeals, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig.
proceeding).  If the relator fails to satisfy either aspect of this two part
test, mandamus relief should be denied.  Id.  Additionally, a
relator must furnish a record sufficient to support his claim for mandamus
relief.  See Tex. R. App. P. 52.7(a).

 

Availability of Mandamus

            In
his mandamus petition, Relator first complains that his sentence is “legally
void in violation of [the] indictment and without legal authorities.”  The
courts of appeals have limited mandamus jurisdiction over criminal law
matters.  Dickens v. Second Court of Appeals, 727 S.W.2d 542, 548
(Tex. Crim. App. 1987).  A claim of illegal sentence for a felony conviction is
not an appropriate basis for mandamus relief, but instead is a matter for
habeas relief.  See Tex. Code
Crim. Proc. Ann. arts. 11.01 (Vernon 2005), 11.07 (Vernon Supp. 2010); see
also Ex parte Rich, 194 S.W.3d 508, 511 (Tex. Crim. App. 2006)
(holding that a claim of illegal sentence is cognizable on a postconviction
writ of habeas corpus).  In this case, however, Relator has not filed a brief
in his pending appeal.  Therefore, he can challenge the legality of his
sentence in that proceeding.  See, e.g., Baker v. State, 278
S.W.3d 923, 924-25 (Tex. App.–Houston [14th Dist.] 2009, pet. ref’d)
(addressing claim of illegal sentence by direct appeal).

            Relator
next attempts to challenge his conviction asserting that he “has no rights or
remedies to challenge his conviction by ways of habeas corpus or any legal
authorities that insufficient evidence can be raised by ways of habeas corpus.
. . .”  This court has affirmed his conviction.  See Kennedy,
2009 WL 4829989, at *4.  Our mandate issued on April 30, 2010, and the judgment
is final.  Relator cannot collaterally attack a final felony conviction by
mandamus.  See, e.g., In re Green, No. 14-10-00452-CR,
2010 WL 2195435, at *1 (Tex. App.–Houston [14th Dist.] June 3, 2010, orig.
proceeding) (mem. op., not designated for publication); In re Harrison,
No. 06-08-00098-CV, 2008 WL 4147325, at *1 (Tex. App.–Texarkana Sept. 10, 2008,
orig. proceeding [mandamus denied]) (mem. op., not designated for publication).

            Finally,
Relator informs us that on June 4, 2011, he filed a motion informing the trial
court that he “may need help by a standby counsel or a right to his Sixth
Amendment rights to counsel.”  He requests this assistance only if he is unable
to complete his appeal or file an appellate brief due to his indigence or the State
refuses to provide any indigent supplies.  He asserts further that “the [trial]
court should grant a hearing to appoint counsel if prison official[s] will not
provide [Relator] indigent supplies.”  Relator’s request for counsel is prospective
only and is contingent on events that may not occur.  Therefore, even without
the record required by Rule 52.7(a), we can conclude that the trial court has
not violated a ministerial duty regarding appointment of counsel for Relator.  

 

Disposition

            For
the reasons explained above, Relator has failed to show that he is entitled to
mandamus relief.  Accordingly, his petition for writ of mandamus is denied.

 

                                                                                                Brian
Hoyle

                                                                                                      
Justice

 

            

Opinion delivered July 29, 2011.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

(DO
NOT PUBLISH)