**AFFIRM; and Opinion Filed August 4, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00641-CR

**SIR MELVIN WRIGHT, JR., Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1172119-T**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Brown
Opinion by Justice Brown

Sir Melvin Wright, Jr. appeals his conviction for failure to register as a sex offender. In two points of error, appellant contends (1) he received an illegal sentence, and (2) his guilty plea was involuntary. For the following reasons, we affirm.

On November 1, 2011, a warrant issued for appellant's arrest based on an affidavit alleging appellant had committed the offense of failure to register as a sex offender, "Felony 3." The warrant was based on an affidavit stating probable cause existed that appellant committed the offense. The affidavit stated appellant had been "convicted" of indecency with a child and was sentenced to two years in the Texas Youth Commission. The affidavit further stated appellant was then later convicted of failing to register as a sex offender and sentenced to 365 days in jail. Finally, the affidavit alleged appellant committed the instant failure to register offense, which was enhanced "due to the prior conviction."

Appellant was arrested and arraigned on the charges. The grand jury subsequently indicted him for failing to register as a sex offender. The indictment stated the "charge" was "FAIL REG SEX OFFEND ENH F3," and alleged appellant's duty to register was based on an adjudication of delinquent conduct. The indictment did not, however, allege appellant had a prior conviction for failure to register.

Appellant pleaded guilty to the offense. At the plea hearing, the trial court admonished appellant he was being charged with "failure to register as a sex offender" and that the punishment range was two to ten years' confinement and a $10,000 fine. Appellant entered a plea of guilty. His also signed a judicial confession in which he admitted committing the offense as alleged in the indictment. During the hearing, appellant and his attorney both made references to appellant's prior conviction. For example, appellant conceded he had already had "problems" with the "criminal justice system" for failing to comply with the registration requirements, and he did not want "another case." His attorney then, in arguing for leniency, acknowledged "there's no good reason for failing to register once, let alone twice." The State did not, however, offer formal proof of his prior conviction.

The trial court found appellant guilty of the offense, and sentenced him to ten years in prison, but suspended imposition of the sentence. The trial court's judgment reflects appellant was convicted of "failure to register/enhanced." Appellant did not appeal his conviction.

The trial court subsequently revoked appellant's probation. At the hearing on the motion to revoke, appellant testified and admitted he had been sentenced to twelve months for the "2007" offense. The trial court found the allegations in the State's motion to revoke true, and sentenced appellant to five years in prison.

In his first issue, appellant asserts he was assessed an illegal sentence because his five-year sentence was outside the range of punishment for a state jail felony. If a person is required

to register as a sex offender based on an adjudication of delinquency, and fails to comply with the registration requirements, the offense is a state jail felony. TEX. CRIM. PROC. CODE ANN. § art. 62.102 (West). If a person has a prior conviction for failure to register, the punishment range is increased to a third-degree felony. SEE TEX. CRIM. PROC. CODE ANN. § 62.102 (West); *see also Ford v. State*, 334 S.W.3d 230, 234 (Tex. Crim. App. 2011)

Appellant asserts his five-year sentence was illegal because he was convicted of a state jail felony, for which the maximum period of confinement allowable is two years. *See* TEX. PENAL CODE ANN. § 12.35 (West 2011). He further asserts his punishment could not be enhanced because (1) the indictment did not allege a prior conviction, (2) he was not given notice of a prior conviction, (3) he did not plead true to any allegations of a prior conviction, and (4) the State did not otherwise prove he had a prior conviction.

Generally, an appeal from an order revoking probation is limited to the propriety of the revocation and does not include a review of the original conviction. *Traylor v. State*, 561 S.W.2d 492, 494 (Tex. Crim. App. [Panel Op.] 1978). However, a sentence outside the range of punishment is void and may be challenged at any time. *See Ex parte Rich*, 194 S.W.3d 508, 511 (Tex. Crim. App. 2006); *Mizell v.State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003); *Baker v. State*, 278 S.W.3d 923, 926 (Tex. App.—Houston 2009, pet. ref'd).

Here, appellant does not dispute he was sentenced within the range of punishment if the State showed he had a prior conviction. Nor does appellant dispute that he had a prior conviction that would allow for enhancement. *Cf. Ex parte Parrott*, 396 S.W.3d 531, 537-38 (Tex. Crim. App. 2013) (in habeas proceeding defendant failed to show harm when actual criminal history would support punishment). He nevertheless asserts his sentence was illegal because of the State's failure to provide him with notice that it was seeking an enhanced punishment range and its failure to provide evidence of a prior conviction. However, appellant must show the

sentenced assessed was "actually illegal." *See  See Ex parte Rich*, 194 S.W.3d 508, 511 (Tex. Crim. App. 2006).  And appellant's sentence was only actually illegal if the conviction was unavailable for enhancement.  *Cf.  Ex parte Parrott*, 396 S.W.3d 531, 537-38 (Tex. Crim. App. 2013).  Neither appellant's complaint regarding the State's failure to provide him notice nor his complaint regarding defects in the evidence show his conviction could not be used to enhance his punishment.  *Cf.Ex parte Parrott*, 396 S.W.3d at 537−38 (Tex. Crim. App. 2013).  We conclude appellant has failed to show his sentence was illegal.  *See Ex parte Rich*, 194 S.W.3d at 511; *see also. Ex Parte Parrott*, 396 S.W.3d a 537−38. We overrule appellant's first point of error.

In his second point of error, appellant asserts his guilty plea was involuntary because he was improperly admonished as to the range of punishment.  It is well established an appellant may not raise a complaint regarding the involuntariness of his original plea in an appeal from the revocation of his probation.  *Jordan v. State*, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001).  That issue must be raised in an appeal from the original conviction.  *See id.*  We overrule appellant's second point of error.

We affirm the trial court's judgment revoking appellant's probation.


/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P 47.2(b)

140641F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SIR MELVIN WRIGHT, JR., Appellant

No. 05-14-00641-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1172119-T.
Opinion delivered by Justice Brown. Justices Bridges and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 4th day of August, 2015.