**Affirmed as Modified in Part, Reversed and Remanded in Part, and Opinion filed December 15, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-01008-CR

**MARY KUOL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1314040**

## O P I N I O N

Appellant Mary Kuol asserts that the trial court lacked subject matter jurisdiction to convict her of felony prostitution. We conclude that the information here, even if defective as to the enhancing allegations, properly charged appellant with the offense of prostitution, and thus, the trial court was vested with subject matter jurisdiction. However, because the trial court imposed an illegal sentence on appellant, we reverse and remand for proceedings consistent with this opinion.

# I.    BACKGROUND

Appellant was arrested for prostitution by the Houston Metropolitan Transit Authority.  She was charged by information—waiving her right to a grand jury indictment—with felony prostitution.  The indictment alleged that she had previously been convicted of prostitution five times in Dallas County.  After pleading guilty to the offense of felony prostitution, appellant was placed on deferred adjudication community supervision.  Appellant violated numerous terms of her community supervision, and the State filed a motion to adjudicate her guilt. The trial court found appellant guilty of felony prostitution and sentenced her to three years' confinement in the Texas Department of Criminal Justice, Institutional Division.

Within 30 days of judgment, appellant filed a "Motion in Arrest of Judgment/Motion for New Trial," in which she alleged that her current felony prostitution charge was void for lack of subject matter jurisdiction.  She asserted that the criminal district court lacked subject matter jurisdiction because all five of the prostitution convictions used to enhance her current felony prostitution charge were also void.  She claimed that the five prior prostitution convictions involved judgments that were entered when she was a juvenile, and the county and district courts entering those judgments lacked jurisdiction over her.  Specifically, she asserted that, of the five enhancing allegations, the three misdemeanor offenses occurred when she was 14 years old and that the two felony prostitution offenses relied on misdemeanor offenses that occurred when she was 14 and 16 years old. She urged that these prior convictions were void because all of them occurred in courts lacking subject matter jurisdiction, i.e., only a juvenile court had jurisdiction over her when she was that age.

The trial court conducted a hearing on her motion. She presented the trial court with all of the prior judgments, as well as a certified copy of her driver's license to establish her current age. After hearing the arguments of counsel, the trial court overruled her motion. This appeal timely followed.

## II. ANALYSIS

Appellant makes a two-fold argument about the trial court's lack of subject matter jurisdiction in this case. First, she asserts that a district court only has jurisdiction over prostitution when the accused has been convicted three previous times of prostitution. Second, appellant asserts that, although she has been convicted five times previously for prostitution, those convictions are void because the trial courts convicting her lacked jurisdiction over the cases. According to appellant, the trial courts lacked jurisdiction to convict her of the enhancing offenses because appellant was either a juvenile at the time of the conviction or the conviction arose from prior juvenile convictions. First, we conclude that the trial court had subject matter jurisdiction over appellant's case. We then determine that appellant was illegally sentenced and reverse for a new punishment determination.[1]

### A. Subject Matter Jurisdiction

The Texas Constitution requires that the State must obtain a grand-jury indictment in a felony case, unless this requirement is waived by the defendant. Tex. Const. art. I, § 10. Absent an indictment or valid waiver, a district court does not have jurisdiction over the case. *Teal v. State*, 230 S.W.3d 172, 174–75 (Tex.

---

[1] Although appellant did not urge in her original appellate brief that her sentence was illegal, we may consider and take action on an illegal sentence sua sponte. *See Baker v. State*, 278 S.W.3d 923, 927 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) ("Any court with jurisdiction can notice and take action upon an illegal or void sentence at any time, even sua sponte."). However, following oral argument, appellant filed a letter brief in which she requested that we consider whether she was sentenced illegally.

Crim. App. 2007); *Martin v. State*, 346 S.W.3d 229, 230–31 (Tex. App.—Houston [14th Dist.] 2011, no pet.). An indictment or information provides a defendant with notice of the offense and allows the defendant to prepare a defense. *Teal*, 230 S.W.3d at 175; *Martin*, 346 S.W.3d at 231.

Article 1.14 of the Texas Code of Criminal Procedure provides that:

[i]f the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.

Tex.Code Crim. Proc. art. 1.14(b). Indictments—or informations—charging a person with committing an offense, once presented, invoke the jurisdiction of the trial court, and jurisdiction is not contingent on whether the charging instrument contains defects of form or substance. *See Teal*, 230 S.W.3d at 177. Thus, Texas law "requires the defendant to object to any error in the [charging instrument] before the day of trial and certainly before the jury is empaneled." *Id.*

Nevertheless, for the trial court to have jurisdiction, there still must be a charging instrument. *See Martin*, 346 S.W3d at 232. A charging instrument must allege that (1) a person (2) committed an offense. *Teal*, 230 S.W.3d at 179; *see also* Tex. Const. art. V, § 12(b) (defining "indictment" and "information" as written instruments presented to the court "charging a person with the commission of an offense"). Accordingly, a defendant may challenge for the first time on appeal an instrument that fails to charge the commission of an offense or does not charge a particular person with the crime. *See Teal*, 230 S.W.3d. at 178–80.

When determining whether an instrument is so flawed that it does not constitute an actual charging instrument and thus does not vest the trial court with jurisdiction, the critical determination is whether the court and the defendant can

4

identify what penal-code provision is alleged and whether that provision vests the trial court with jurisdiction. *Kirkpatrick v. State*, 279 S.W.3d 324, 328 (Tex. Crim. App. 2009) (citing *Teal*, 230 S.W.3d at 180). We look to the charging instrument as a whole, not just to its specific formal requisites. *Id.* If we conclude that the trial court and the defendant can determine that the instrument intends to charge a felony or other offense for which the trial court has jurisdiction, then the instrument charges the commission of an offense, even if the instrument fails to allege an element of the offense or contains additional information indicating the person charged is innocent. *Teal*, 230 S.W.3d at 181–82; *Martin*, 346 S.W.3d at 232.

Here, examining the charging instrument at issue,[2] the State alleged that appellant committed prostitution by agreeing to engage in sexual conduct for a fee on or about July 21, 2011. As noted above, the State alleged five prior convictions of appellant for prostitution in the charging instrument. Further, prostitution may be a misdemeanor or felony offense. *See* Tex. Penal Code Ann. § 43.02(c) (providing that prostitution is generally a Class B misdemeanor, unless enhanced by prior convictions, which may elevate the offense to a felony). Thus, based on the allegations in the information, both appellant and the trial court could determine that the instrument intended to charge a felony offense for which the trial court has jurisdiction. *Teal*, 230 S.W.3d at 181–82; *Martin*, 346 S.W.3d at 232. Accordingly, we determine that the trial court had subject matter jurisdiction in this case. *See, e.g.*, *Pomier v. State*, 326 S.W.3d 373, 382–84 (Tex. App.— Houston [14th Dist.] 2010, no pet.) ("However, even though the indictment included language that would have properly charged appellant with a misdemeanor rather than a felony, the trial court still had jurisdiction.").

---

[2] As noted above, appellant was charged by information and waived her right to prosecution by a grand jury indictment.

Accordingly, we overrule appellant's issue.[3]

## B. Illegal Sentence

As discussed above, prostitution may be a felony offense; it is elevated to a state jail felony "if the actor has previously been convicted three or more times" of prostitution. Tex. Penal Code Ann. § 43.02(c)(2). Here, of the five previous prostitution convictions alleged in the information, three occurred in October and November 1999 in a county court at law. According to the information, appellant's date of birth is "06-12-1985." Further, the State conceded in the trial court that there was no "factual dispute" that the defendant was "a juvenile at the time of those convictions in Dallas County."[4] Thus, these three enhancing convictions occurred when appellant was only 14 years old.

Generally, "[a] person may not be prosecuted for or convicted of any offense that the person committed when younger than 15 years of age."[5] Tex. Penal Code Ann. § 8.07(a). And the juvenile court has exclusive original jurisdiction over children under seventeen years of age. *See* Tex. Fam. Code Ann. § 51.04(a) (discussing jurisdiction of juvenile courts). In certain circumstances, a juvenile court may waive jurisdiction and transfer a child to a district court or criminal district court. *Id.* § 54.02. There is no such provision for transferring a child to a county court; in fact, the only situations in which a juvenile may be transferred to a *district* or *criminal district court* is if the juvenile "is alleged to have violated a penal law of the grade of felony." *See id.* § 54.02(a). Thus, three of the five

---

[3] As noted above, after oral argument, appellant filed a letter brief. In it, she acknowledged that, under the authority discussed above, the trial court had subject matter jurisdiction over her.

[4] During oral argument, the State again conceded that appellant's date of birth was that reflected on the information.

[5] Several offenses are excepted from general rule, but prostitution is not one of the exceptions. *See* Tex. Penal Code Ann. § 43.02(a)(1)–(7).

alleged enhancing offenses are void because the county court at law lacked subject matter jurisdiction to convict appellant of them. *See* Tex. Penal Code Ann. § 8.07(a); Tex. Fam. Code Ann. §§ 51.04(a), 54.02(a); *see also Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001) (stating that a void judgment is a "nullity" and can be attacked at any time and explaining that a judgment is void only in very rare situations, usually due to a lack of jurisdiction).

Because the information contains only two possibly valid enhancing offenses, appellant's plea of guilty was, at most, to a Class A misdemeanor offense. *See* Tex. Penal Code Ann. § 43.02(c)(1) (providing that prostitution is enhanced to "a Class A misdemeanor if the actor has previously been convicted one or two times of an offense under this section"); *cf. Pomier*, 326 S.W.3d at 384 (determining that defendant was convicted of misdemeanor stalking under a previous statute even though he was charged with felony stalking). The maximum sentence for a Class A misdemeanor is a jail term not to exceed one year and/or a fine not to exceed $4,000. Tex. Penal Code Ann. § 12.21.

Here, appellant pleaded guilty and was sentenced as though convicted of a state jail felony enhanced to a third degree felony and received three years' confinement. Appellant's sentencing for a felony offense was outside the maximum range available for a misdemeanor and therefore illegal. *See Pomier*, 326 S.W.3d at 384 (citing *Mizzell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) for the proposition that a sentence outside the maximum range of punishment for that offense is illegal, and *Speth v State*, 6 S.W3d 530, 532–33 (Tex. Crim. App. 1999) for the proposition that a defendant has an "absolute and nonwaiveable right to be sentenced within the proper range of punishment established by the Legislature"). We conclude that her sentence is void because it was above the statutory maximum for a Class A misdemeanor. *See id.*; *Baker v.*

*State*, 278 S.W.3d 923, 927 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) ("Any court with jurisdiction can notice and take action upon an illegal or void sentence at any time, even sua sponte."); *see also Ex parte Hernandez*, 698 S.W.2d 670, 670–71 (Tex. Crim. App. 1985) (determining sentence void and remanding for new sentencing because defendant was illegally sentenced).

## III. CONCLUSION

We conclude that the trial court had jurisdiction over appellant's case. However, we reform the judgment adjudicating guilt to reflect that appellant was convicted of a Class A misdemeanor, and affirm that portion of the judgment as reformed. We reverse the portion of the trial court's judgment sentencing appellant to three years' confinement and remand for a new punishment determination.


/s/     Sharon McCally
        Justice


Panel consists of Justices Jamison, McCally, and Wise.
Publish — Tex. R. App. P. 47.2(b).