**Affirmed and Memorandum Opinion filed November 8, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00656-CR

### DEXTER JOSEPH MALLORY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 1411571**

## M E M O R A N D U M   O P I N I O N

Dexter Joseph Mallory was indicted for evading arrest or detention in a motor vehicle, a third-degree felony, enhanced by two previous felony convictions. *See* Tex. Penal Code Ann. § 38.04 (West 2011). He pleaded not guilty to the primary offense and true to the two enhancement paragraphs. The jury found him guilty and sentenced him to 35 years' imprisonment. On appeal, appellant contends his sentence is illegal because one of the two enhancement convictions was a state-jail felony and could not be used to enhance his sentence. We affirm.

## BACKGROUND

Two police officers saw appellant driving erratically one evening in December 2013. They turned on their car's lights to initiate a traffic stop. Appellant did not stop. Instead, he led them on an eight-mile chase that ended when he lost control of the stolen vehicle he was driving and wound up in a ditch.

A grand jury indicted appellant for unlawfully and intentionally fleeing in a motor vehicle from a person he knew to be a peace officer while the officer was lawfully attempting to detain him. The indictment includes two enhancement paragraphs:

> Before the commission of the offense alleged above, (hereafter styled the primary offense), on AUGUST 23, 2005, in Cause Number 1034705, in the 351st DISTRICT COURT of HARRIS County, Texas, the Defendant was convicted of the felony of FELON IN POSSESSION OF A WEAPON.

> Before the commission of the primary offense, and after the conviction in Cause Number 1034705 was final, the Defendant committed the felony of EVADING ARREST – SECOND OFFENDER and was finally convicted of that offense on APRIL 24, 2008, in Cause Number 1145786, in the 351st DISTRICT COURT of HARRIS County, Texas.

Appellant pleaded true to each enhancement paragraph. Due to those enhancements, appellant faced a sentence of 25 years to life in prison if found guilty. *See* Tex. Penal Code Ann. § 12.42(d) (West 2011).

The jury found appellant guilty and sentenced him to 35 years in prison. The trial court signed the judgment of conviction on the jury's verdict. We will refer to this conviction as the "2015 Evading Conviction."

2

In his sole issue on appeal, appellant asserts the conviction identified in the second enhancement paragraph, which we refer to as the "2008 Evading Conviction," was not eligible to be used to enhance his sentence for the 2015 Evading Conviction because it was for a state-jail felony. Because only the conviction for felon in possession of a weapon could enhance his sentence, he says, his sentence of 35 years is outside the authorized punishment range and therefore illegal. *See id.* § 12.33.

## I.     Legal standards

A defendant has an "absolute and nonwaivable right to be sentenced within the proper range of punishment established by the Legislature." *Speth v. State*, 6 S.W.3d 430, 532–33 (Tex. Crim. App. 1999). A sentence outside the authorized range of punishment, whether too low or too high, is illegal. *Mizell v. State*, 119 S.W.3d 804, 806 & n.7 (Tex. Crim. App. 2003); *Baker v. State*, 278 S.W.3d 923, 926 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). An illegal sentence has no legal effect. *Mizell*, 119 S.W.3d at 806; *Baker*, 278 S.W.3d at 927. Any court with jurisdiction may take notice and take action on an illegal sentence at any time. *Mizell*, 119 S.W.3d at 806; *Baker*, 278 S.W.3d at 927.

If the 2008 Evading Conviction was for a state-jail felony, as appellant contends, it may not be used to enhance the punishment for the 2015 Evading Conviction, and the authorized range of punishment in this case is two to 20 years in prison. *See* Tex. Penal Code Ann. §§ 12.33, 12.42(a). If the 2008 Evading Conviction was for a third-degree felony, as the trial court found and the State contends, it may be used to enhance punishment for the 2015 Evading Conviction, and the authorized range of punishment in this case is 25 years to life in prison. *See id.* § 12.42(d).

**II.    Was the 2008 Evading Conviction for a state-jail felony or a third-degree felony?**

The judgment for the 2008 Evading Conviction was admitted into evidence. Under a plea-bargain agreement with the State, appellant pleaded guilty to "EVADE ARREST – 2ND OFFENDER" and pleaded true to the sole enhancement paragraph. The judgment recites the offense is a third-degree felony. Appellant was sentenced to two years' imprisonment.

**A.    Law governing the 2008 Evading Conviction**

The 2008 Evading Conviction is governed by the version of section 38.04 of the Penal Code effective from September 1, 2001 until August 31, 2009 (the "2008 Law"). The 2008 Law provided in relevant part:

(a)    A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him.

(b)    An offense under this section is a Class B misdemeanor, except that the offense is:

    (1)    a state jail felony if the actor uses a vehicle while the actor is in flight and the actor has not been previously convicted under this section;

    (2)    a felony of the third degree if:

        (A)    the actor uses a vehicle while the actor is in flight and the actor has been previously convicted under this section; or

        (B)    another suffers serious bodily injury as a direct result of an attempt by the officer from whom the actor is fleeing to apprehend the actor while the actor is in flight; or

    (3)    a felony of the second degree if another suffers death as a direct result of an attempt by the officer from whom the

actor is fleeing to apprehend the actor while the actor is
in flight.

Tex. Penal Code Ann. § 38.04(a), (b) (West 2001). Thus, the 2008 Law created four offense levels of evading arrest or detention: Class B misdemeanor, state-jail felony, third-degree felony, or second-degree felony. *Id.*[1]

## B.      Increased offense level versus enhanced punishment

Despite the judgment's description of the offense underlying the 2008 Evading Conviction as a third-degree felony, appellant asserts it was merely a state-jail felony punishable as a third-degree felony under a provision of the repeat-and-habitual-offender statutory scheme. *See* Tex. Penal Code Ann. § 12.425(a) (a defendant who is convicted of a state-jail felony and who has previously been finally convicted of two state-jail felonies shall be punished for a third-degree felony).

The Court of Criminal Appeals rejected the same assertion in 2005, interpreting the same version of 38.04 as was in effect in 2008. *See Calton v. State*, 176 S.W.3d 231 (Tex. Crim. App. 2005). Calton was indicted for third-degree evading arrest due to his use of a vehicle during flight and a previous conviction for evading arrest. *See id.* at 232. The State did not introduce evidence of the previous evading-arrest conviction in the guilt-innocence phase, and the jury was not asked to find whether Calton was previously convicted of evading arrest. Still, the jury found Calton "guilty as alleged in the indictment." *Id.* at 233. At the conclusion of the punishment phase, the jury found the previous evading-arrest conviction was true. *See id.*

---

[1] Other statutes similarly create more than one level of offense depending on certain facts. *E.g.*, Tex. Penal Code Ann. § 31.03(e) (seven offense levels of theft depending on value of property stolen and previous theft convictions) (West Supp. 2016); § 49.09 (four offense levels of driving while intoxicated depending on injury to other people and previous DWI convictions) (West Supp. 2016).

On appeal, Calton asserted his sentence was illegal because the State failed to prove the previous conviction for evading arrest, an essential element of the offense. The court of appeals agreed with Calton and held the previous evading-arrest conviction is an element of third-degree evading arrest and, therefore, must be proved in the guilt-innocence phase of trial. *See id.* The Court of Criminal Appeals affirmed the court of appeals' judgment.

The high court began by explaining the nature and effect of a previous conviction used to enhance punishment after being convicted of the charged offense:

> A prior conviction alleged for enhancement "is not really a component element of the primary offense." Instead, it is "an historical fact to show the persistence of the accused, and the futility of ordinary measures of punishment as related to him. An enhancement "increase[s] the punishment range to a certain range above that ordinarily prescribed for the indicted crime. It does not change the offense, or the degree of the offense, of conviction. There can be no enhancement until a person is first convicted of an offense of a certain degree.

*Id.* at 233–34 (quotations and alteration in original).

A prior conviction used to enhance punishment on the charged offense is different than a prior conviction that is an element of the charged offense, without which the defendant may not be convicted of the charged offense. *See id.* at 234. To determine whether a given fact is an element of the offense, the court looks to the plain language of the statute and applies that language if possible. *Id.* Only if the language is ambiguous or leads to an absurd result the Legislature could not possibly have intended should the court consult extra-textual sources to determine if the fact is an element of the offense. *Id.*

The *Calton* court analyzed the language of section 38.04 and concluded the prior evading-arrest conviction required by subsection (b)(2)(A) is an element of the offense of third-degree evading arrest:

> The plain language of this statute demonstrates that the third-degree offense of evading arrest is committed when a person (1) intentionally (2) flees (3) from a person (4) he knows is a peace officer (5) attempting to lawfully arrest or detain him and (6) the actor uses a vehicle in flight and (7) the actor has been previously convicted of evading arrest. There is nothing ambiguous about this statute. It defines third-degree evading arrest as occurring when the actor has previously been convicted of evading arrest. A conviction for this offense cannot occur until this element is proved. The statute does not set forth a higher punishment range for the offense when the prior conviction is proved. Instead, it requires proof of the prior conviction for the third-degree felony conviction to occur.

*Id.* at 234.

### C. 2008 Evading Conviction based on third-degree felony

The written judgment for the 2008 Evading Conviction describes the underlying offense as "EVADE ARREST – 2ND OFFENDER." Judgments are presumed to be regular and correct absent proof that they are incorrect. *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) (op. on reh'g). The record provides no basis to believe the written judgment for the 2008 Evading Conviction is inaccurate, not does appellant suggest the judgment does not accurately reflect the actual conviction.

"EVADE ARREST – 2ND OFFENDER" appears to refer to section 38.04(b)(2)(A), the subsection at issue in *Calton*, which classifies evading arrest as a third-degree felony if the person uses a vehicle while in flight and has been previously convicted of evading arrest. *See* Tex. Penal Code Ann. § 38.04(b)(2)(A) (West 2001). Based on the analysis and holding in *Calton*, we conclude the 2008

Evading Conviction was for a third-degree felony, not a state-jail felony. The punishment of 35 years' imprisonment is not illegal because it falls within the permissible punishment range of 25 years to life in prison. We overrule appellant's sole issue.

## CONCLUSION

We affirm the judgment of the trial court.


/s/    Sharon McCally
Justice


Panel consists of Justices Jamison, McCally, and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).