**Affirmed and Opinion and Concurring Opinion filed September 20, 2017.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00231-CV

## IN THE INTEREST OF I.L.G., A CHILD

**On Appeal from the 314th District Court
Harris County, Texas
Trial Court Cause No. 2016-01310J**

### CONCURRING OPINION

There are two children in today's case — Isaac and his teenage mother. The record contains sufficient evidence to terminate the mother's parental rights to Isaac under Texas Family Code section 161.001(O) for failing to comply with the court-ordered requirements.[1] I agree with the majority's conclusion that the evidence supports termination of the mother's rights under subsection (O).[2] I also agree that terminating the mother's parental rights is in Isaac's best interest.[3] But I

---

[1] *See* Tex. Fam. Code Ann. § 161.001(O) (West, Westlaw through 2017 R.S.).

[2] *See ante* at 8-11.

[3] If the court were to conduct a sufficiency review of the other ground for termination and conclude that the evidence is insufficient to support the finding under Texas Family Code section

disagree that the analysis ends there.

Having determined that this court can sustain the termination of the mother's parental rights under subsection (O), the majority affirms the trial court's judgment without determining whether the evidence is legally and factually sufficient under subsection (E) — termination because the parent has engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangers the physical or emotional well-being of the child. This court has held that a finding under subsection (E) comes with collateral consequences. Those collateral consequences include the potential for a subsection (E) finding to support a termination of parental rights in a later case under subsection (M) — termination because the parent has had the parent-child relationship terminated with respect to another child based on a finding that the parent's conduct violates subsection (D) or (E).[4]

The collateral consequences loom large for children like Isaac's mother whose parental rights are terminated under subsection (D) or (E). This case forces us to consider how a parent's status as a child impacts our review of parental-termination findings based on these subsections.

Texas law generally protects children from permanent ramifications of poor choices made in childhood and adolescence. For example, when children engage in conduct that would be criminal for adults, we generally adjudge them delinquent rather than convict them of the crime.[5] When children get jobs, we do not hold

_____

161.001(E), the court could reach the same best-interest determination without considering the evidence that ostensibly supports the trial court's findings under that subsection.

[4] *See* Tex. Fam. Code Ann. § 161.001(M); *In the Interest of C.M.-L.G.*, No. 14-16-00921-CV, 2017 WL 1719133, at *8 (Tex. App.—Houston [14th Dist.] May 2, 2017, no pet.) (mem. op.); *In re J.J.G.*, 14-15-00094-CV, 2015 WL 3524371, at *4 (Tex. App.—Houston [14th Dist.] Jun. 4, 2015, no pet.) (mem. op.).

[5] *See* Tex. Penal Code Ann. § 8.07(a) (West, Westlaw through 2017 R.S.); Tex. Fam. Code Ann. § 51.04(a) (West, Westlaw through 2017 R.S.); *Kuol v. State*, 482 S.W.3d 623, 628 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd).

them to agreements with employers that would bind adults in the same situation.[6] And, when children make other contracts, we allow them to step away by holding that they lack the capacity to contract.[7] Because children generally lack judgment and maturity, the law often gives them special treatment that lessens the severity and long-term effects of consequences from bad choices.

Today, Isaac's mother may be a rebellious teenager who smokes marijuana, spars with her mother, runs away from home, and fails to follow the court's orders. Yet, over the next ten or twenty years (or sooner), the unruly teenager might mature into a responsible adult capable of successful parenting. If that happens and she later has another child, the Department of Family and Protective Services — or perhaps a disgruntled spouse — could seek termination of her parental rights under subsection (M) without any other predicate showing.[8]

Like the fictional Jean Valjean, who could transform his life yet not erase his convict number, a rehabilitated parent branded in her youth with an (E)-finding cannot escape the collateral consequences of the adjudication. If Isaac's teenage mother eventually matures into a person fit to be a parent, she could not overcome the (E)-finding the court leaves unreviewed today. That finding, like a permanent convict number, cannot later be erased. The only time to review it is now. The only place to undo it is here.

This court's precedent does not limit collateral-consequences review only to parties who ask the court to review an (E)-finding even if the court sustains the termination of parental rights on other grounds. Nor does the court need to decide that issue today. But the court should conduct the (E)-finding sufficiency review

---

[6] *See PAK Foods Houston, LLC v. Garcia*, 433 S.W.3d 171, 176 (Tex. App.—Houston [14th Dist.] 2014, pet. dism'd).

[7] *See Dairyland Cnty. Mut. Ins. Co. v. Roman*, 498 S.W.2d 154, 158 (Tex. 1973); *Cummings v. Powell*, 8 Tex. 80, 81 (1852).

[8] *See* Tex. Fam. Code Ann. § 161.001(M).

3

in today's case because Isaac's mother is a child. If in other contexts the law builds in safeguards to give children an extra measure of protection from long-lasting effects of bad choices, then a reviewing court should scrutinize (D) and (E) findings when child-appellants assign error in appeals like this that implicate rights of constitutional magnitude.[9] Isaac's mother has challenged the legal and factual sufficiency of the (E)-finding and this court ought to review it.


/s/    Kem Thompson Frost
                 Chief Justice


Panel consists of Chief Justice Frost and Justices Jamison and Busby  (Jamison, J., majority).

---

[9] *See Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985); *In re D.R.A.*, 374 S.W.3d 528, 531 (Tex. App.—Houston [14th Dist.] 2012, no pet.).