

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00374-CR

**JEFFREY SCOTT DUMAS,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 440th District Court**
**Coryell County, Texas**
**Trial Court No. 15-22797**

## MEMORANDUM OPINION

In one issue, appellant, Jeffrey Scott Dumas, challenges his conviction for

continuous sexual abuse of a young child. *See* Tex. Penal Code Ann. § 21.02 (West Supp.

2018).[1] Specifically, Dumas contends that he was deprived of his right to be tried upon

---

[1] The judgment in this case reflects that Dumas was convicted under section 31.03 of the Penal Code—the provision for theft; however, based on our review of the record, the judgment should reflect that Dumas was convicted under section 21.02 of the Penal Code—the provision for continuous sexual abuse of a young child. *See* Tex. Penal Code Ann. §§ 21.02, 31.03 (West Supp. 2018); *see also* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993) (concluding that an appellate court has authority to reform a judgment to include an affirmative finding to make the record speak the truth when the matter has been called to its attention by any source). We modify the judgment to reflect as such.

the indictment as returned by the grand jury as provided by article I, section 10 of the Texas Constitution. *See* TEX. CONST. art. I, § 10. We affirm as modified.

## I. BACKGROUND

On April 28, 2015, an indictment was issued against Dumas. The title of the original indictment indicated that Dumas was charged with "Sex Abuse of Child Continuous: Victim Under 14" and provided the following, in relevant part:

> Jeffrey Scott Dumas, hereinafter styled Defendant, on or about the 22nd day of November, 2014 and before the presentment of this indictment, in the County and State aforesaid, did then and there, during a period that was 30 or more days in duration, to-wit: from on or about November 22, 2014, through on or about January 4, 2015, when the defendant was at least 17 years of age, commit two or more acts of sexual abuse namely, aggravated sexual and/or indecency with a child by contact, against a child, "Sally Duke" Pseudonym, who was younger than 17 years of age.

Subsequently, the State filed three motions to amend the original indictment on March 18, 2016, May 23, 2017, and October 6, 2017, respectively. In its March 18, 2016 motion to amend the indictment, the State sought to change the age of the victim from younger than seventeen to younger than fourteen years of age. Dumas did not object, and the trial court granted the State's March 18, 2016 motion.

In its May 23, 2017 motion to amend the indictment, the State requested to add the word "assault" to the phrase "aggravated sexual" so that the indictment would read "aggravated sexual assault," rather than "aggravated sexual." At the hearing on this motion, defense counsel specifically noted: "There is no surprise. We do not object to the amendment." Thereafter, the trial court granted the State's May 23, 2017 motion to

amend the indictment. Both of the aforementioned changes were interlineated on the face of the original indictment.

On October 6, 2017, the State filed its third motion to amend the indictment seeking to change the date the sexual abuse began from November 22, 2014 to June 3, 2014. Once again, Dumas did not object, and the trial court granted the State's motion.

The matter then proceeded to trial. After both sides rested and closed, the trial court provided the jury with the charge. The application paragraph of the jury charge incorporated all of the aforementioned changes and specifically read as follows:

> Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that the defendant, JEFFREY SCOTT DUMAS, on or about the 3rd day of June, 2014, in the County of Coryell and State of Texas, through, on or about the 4th day of January, 2015, when the defendant was at least 17 years of age, committed two or more acts of sexual abuse against a child, Sally Duke, "Pseudonym" who was younger than 14 years of age, as alleged in the indictment, you will find the defendant "Guilty" and so say by your verdict, but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty."

Ultimately, the jury found Dumas guilty of the charged offense and assessed punishment at forty-five years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. The trial court certified Dumas's right of appeal, and this appeal followed.

## II.   ANALYSIS

On appeal, Dumas argues that he was deprived of his right to be tried upon the indictment as returned by the grand jury. Specifically, Dumas complains about the

change in the victim's age in the indictment prior to trial and asserts that the indictment returned by the grand jury did not charge an offense at all.

As mentioned earlier, Dumas did not object to any of the amendments made to the original indictment prior to trial. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2005) (explaining that "[i]f the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding"); TEX. R. APP. P. 33.1; *see also Teal v. State*, 230 S.W.3d 172, 182 (Tex. Crim. App. 2007) (determining that "the indictment, as a whole, was sufficient to vest the district court with subject-matter jurisdiction and give the defendant notice that the State intended to prosecute him for a felony offense" and concluding that the defendant failed to timely object to the substance of the indictment and, therefore, "forfeited any right to object to indictment defects"). By failing to object to the indictment prior to trial, Dumas did not preserve his complaints regarding the indictment for appellate consideration. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b); TEX. R. APP. P. 33.1; *see also Teal*, 230 S.W.3d at 182.

However, despite the foregoing, Dumas argues that the original indictment returned by the grand jury did not charge the commission of an offense. We do not find this argument to be persuasive.

For the trial court to have jurisdiction, there must be a charging instrument. *See Martin v. State*, 346 S.W.3d 229, 230-31 (Tex. App.—Houston [14th Dist.] 2011, no pet.). A charging instrument must allege that (1) a person (2) committed an offense. *See Teal*, 230 S.W.3d at 179; *see also* TEX. CONST. art. V, § 12(b) (defining "indictment" and "information" as written instruments presented to the court" charging a person with the commission of an offense"). Moreover, a defendant may challenge for the first time on appeal an instrument that fails to charge the commission of an offense or does not charge a particular person with the crime. *See Teal*, 230 S.W.3d at 178-80; *see also Kuol v. State*, 482 S.W.3d 623, 627 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd).

Notwithstanding the fact that the indictment, as a whole, gave notice to Dumas that the State intended to prosecute him for the felony offense of continuous sexual abuse of a young child, Dumas explains on appeal that he does not contend that the trial court did not have jurisdiction. However, because an indictment that fails to charge the commission of an offense necessarily deprives the district court of subject-matter jurisdiction, it cannot be said in this case that the indictment failed to charge the commission of an offense, but the district court still retained subject-matter jurisdiction. *See Teal*, 230 S.W.3d at 178-80. In other words, by conceding that the district court had jurisdiction, Dumas also concedes that the indictment charged him with the commission of an offense. *See id.; see also* TEX. CONST. art. V, § 12(b); *Kuol*, 482 S.W.3d at 627; *Martin*,

346 S.W.3d at 230-31.  Therefore, based on the foregoing, we overrule Dumas's sole issue on appeal.

### III.  CONCLUSION

We affirm the judgment of the trial court as modified.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Senior Justice Scoggins[2]
Affirmed as modified
Opinion delivered and filed February 13, 2019
Do not publish
[CRPM]



---

[2] The Honorable Al Scoggins, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003 (West 2013).