**Jacyl Shira MARTIN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 14–10–00689–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 26, 2011.

Kevin Sekaly–Cribbs, Beaumont, for appellant.

Tom Maness, Deborah Ann Manes, Beaumont, for appellee.

Panel consists of Chief Justice HEDGES and Justices FROST and CHRISTOPHER.

## OPINION

KEM THOMPSON FROST, Justice.

Appellant pleaded "guilty" and was convicted of the felony offense of securing execution of a document by deception. In her sole appellate issue, appellant asserts there was no indictment investing the trial court with jurisdiction and that her conviction is void. Under applicable precedent, the indictment charged appellant with the commission of an offense, vesting the trial court with jurisdiction. We affirm the trial court's judgment.

### BACKGROUND

Appellant Jacyl Shira Martin was charged by indictment with the offense of securing execution of a document by deception under section 32.46(a)(1) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 32.46(a)(1) (West 2011). Under the indictment, the value of the property affected by the document was at least $1,500 and less than $20,000; therefore, the alleged offense was a state-jail felony. *See id.* § 32.46(b)(4). The indictment included enhancement paragraphs regarding prior, final felony convictions for securing execution of a document by deception and for forgery.

In 2009, pursuant to a plea agreement, appellant pleaded "guilty" to the charged offense. The trial court assessed punishment at two years' confinement, but suspended the sentence and placed appellant on community supervision for five years.

In 2010, the State filed a motion to revoke community supervision. After a hearing on the matter, the trial court found the allegations to be true, revoked the community supervision, and ordered appellant to serve her sentence of two years' confinement.

### ISSUE AND ANALYSIS

In a single appellate issue, appellant asserts that her conviction is void because the indictment is fundamentally defective and is "no indictment," due to the State's alleged failure to charge her with the commission of an offense.

■ The Texas Constitution requires that the State must obtain a grand jury indictment in a felony case unless this requirement is waived by the defendant. TEX. CONST. art. I, § 10. In the absence of

an indictment or valid waiver, a district court does not have jurisdiction over the case. *See Teal v. State,* 230 S.W.3d 172, 174–75 (Tex.Crim.App.2007). An indictment also provides a defendant with notice of the offense and allows the defendant to prepare a defense. *See id.* at 175.

Before 1985, defects of form and defects of substance in an indictment had very different results. *Id.* Failure to object to a defect of form operated as a waiver of any error on appeal, but failure to object to a defect of substance did not operate as a waiver of error on appeal. *Id.* During this period, courts reasoned that an indictment containing a substantive defect was "void" and therefore insufficient to invoke the trial court's jurisdiction. *Id.* Under this reasoning, a defendant could attack a felony conviction based on a substantively defective indictment on appeal, even though she had not objected in the trial court. *Id.* Defendants could either plead "guilty" or take their chances at trial and, if convicted, then raise a claim that the indictment was "void" in a later appeal or application for habeas corpus relief. *Id.* In many appellate decisions, courts reversed convictions years after-the-fact for defects of substance in the indictment. *Id.* at 175–76.

In 1985, the citizens of Texas and the Texas Legislature rejected this line of cases both by Constitutional amendment and by statute. *Id.* at 176. The voters amended the Texas Constitution to include the definition of an indictment. *Id.* As amended, this part of the Texas Constitution now states:

An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. An information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense. The practice and procedures relating to the use of indictments and informations, including their contents, amendment, sufficiency, and requisites, are as provided by law. The presentment of an indictment or information invests the court with jurisdiction of the cause.

TEX. CONST. art. V, § 12(b). As part of the same reform package, the Texas Legislature amended several provisions of the Code of Criminal Procedure to ensure that objections could be made to indictment defects and these defects repaired pretrial, but that these defects would not invalidate an otherwise valid conviction if not raised before trial. *Teal,* 230 S.W.3d at 176. For example, the Texas Legislature added section (b) to article 1.14 of the Code of Criminal Procedure:

If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding. Nothing in this article prohibits a trial court from requiring that an objection to an indictment or information be made at an earlier time in compliance with Article 28.01 of this code.

TEX.CODE CRIM. PROC. art. 1.14(b) (West 2005). Additionally, the Legislature amended article 28.10 to ensure that the State had ample opportunity to repair indictment defects and that the defendant received the requisite notice of indictment changes, as well as an opportunity to respond to them. *See id.* art. 28.10 (West 2006).

The purpose for amending the Texas Constitution and the statutes was to change the focus from "whether a defect is fundamental [that is, a defect of substance

or not]" to "whether the defendant brought the defect to the court's attention." *Teal,* 230 S.W.3d at 177. The Legislature intended that an indictment charging a person with committing an offense, once presented, would invoke the jurisdiction of the trial court and that jurisdiction no longer would be contingent upon whether the indictment contained defects of form or substance. *Id.* The 1985 statutes mandate that defendants object to errors in the form or substance of an indictment "before the date on which the trial on the merits commences." TEX.CODE CRIM. PROC. art. 1.14(b). Thus, Texas law now requires the defendant to object to any error in the indictment before trial. *Teal,* 230 S.W.3d at 177.

■ Though defendants can no longer object to defects or errors in the indictment for the first time on appeal, the Court of Criminal Appeals has held that, for the trial court to have jurisdiction in a felony case in which the defendant has not validly waived the right to an indictment, there still must be an "indictment." *See id.* at 174–75. In the Texas Constitution, the people of Texas have defined "indictment" as "a written instrument presented to a court by a grand jury charging a person with the commission of an offense." TEX. CONST. art. V, § 12(b). Accordingly, the Court of Criminal Appeals has concluded that " 'To constitute an indictment, the charging instrument must charge: (1) a person, and (2) the commission of an offense.' " *Teal,* 230 S.W.3d at 177 (quoting *Cook v. State,* 902 S.W.2d 471, 477 (Tex.Crim.App.1995)). In the case under review, appellant does not dispute (and the record reveals) that a written instrument was presented to the trial court by a grand jury charging a person. Instead, appellant asserts that the written instrument was not an indictment because it did not charge "the commission of an offense."

■ The proper test to determine if a charging instrument charges "the commission of an offense" is whether the allegations in it are clear enough that one can identify the offense alleged. If they are, then the instrument charges "the commission of an offense." *Teal,* 230 S.W.3d at 180. The Court of Criminal Appeals also has characterized this inquiry as follows: "Can the trial court (and appellate courts who give deference to the trial court's assessment) and the defendant identify what penal code provision is alleged and is that penal code provision one that vests jurisdiction in the trial court?" *Id.* If the answer to this question is "yes," then the instrument charges the commission of an offense, even if the instrument fails to allege an element of the offense or contains additional information indicating the person charged is innocent. *See id.* at 181; *Duron v. State,* 956 S.W.2d 547, 550–51 (Tex.Crim.App.1997).

The indictment in the case under review contains allegations of all necessary elements of the offense of securing execution of a document by deception under section 32.46(a)(1) of the Penal Code. *See* TEX. PENAL CODE ANN. § 32.46(a)(1). The indictment also contains allegations that the value of the property affected by the document was at least $1,500 and less than $20,000, making the alleged offense a state-jail felony over which the trial court has subject-matter jurisdiction. *See id.* § 32.46(b)(4). The allegations in the instrument are clear enough that one can discern that the indictment is alleging appellant committed the offense of securing execution of a document by deception under section 32.46(a)(1) of the Penal Code. *See* TEX. PENAL CODE ANN. § 32.46(a)(1). The trial court, appellate courts, and the defendant can identify the penal code provision alleged in the instrument, and that penal code provision is one that vests juris-

diction in the trial court. *See* Tex.Code of Crim. Proc. Ann. art. 4.05 (West 2005); Tex. Penal Code Ann. § 32.46(a),(b). Therefore, the instrument charges "the commission of an offense." *See Teal*, 230 S.W.3d at 180–82; *Duron*, 956 S.W.2d at 550–51.

■ Appellant concedes that the instrument alleges all necessary elements of the offense of securing execution of a document by deception under section 32.46(a)(1) of the Penal Code. Appellant does not argue that it was unclear which penal code provision was alleged in the instrument; rather, appellant bases her argument on language in the instrument specifying that the "deception" was "failing to report that [appellant's] children were living with her when in fact they were not." In its appellate brief, the State asserts that in this part of the indictment it should have characterized the deception as failing to report that appellant's children were not living with her.[1] If appellant had objected to this defect before pleading "guilty," the indictment could have been amended to cure this defect. The issue before this court is whether this additional language prevents the instrument from charging the commission of an offense, thus making the instrument not an indictment.

In her appellate brief, appellant relies primarily upon *Whetstone v. State*. *See* 786 S.W.2d 361, 365 (Tex.Crim.App.1990), *overruled by Gollihar v. State*, 46 S.W.3d 243, 249–50, 256–57 (Tex.Crim.App.2001). In judicial dicta, the *Whetstone* court stat-

ed that if additional, unnecessary language had been included in the indictment indicating the defendant's innocence of the alleged offense, then the indictment would fail to allege an offense and be fundamentally defective. *See id.* at 365. But the *Gollihar* court overruled this part of *Whetstone*. *Gollihar v. State*, 46 S.W.3d 243, 249–50, 256–57 (Tex.Crim.App.2001). In addition, this judicial dicta from *Whetstone* conflicts with a subsequent line of cases articulating the Court of Criminal Appeals's current legal standard for determining whether an instrument charges the commission of an offense. *See Teal*, 230 S.W.3d at 180–82; *Duron*, 956 S.W.2d at 549–51. In *Duron*, the high court held that, even though the instrument added language indicating innocence, there was no doubt as to the offense intended to be charged in the indictment and therefore the instrument charged the commission of an offense. *See Duron*, 956 S.W.2d at 550–51. This court must follow *Duron* and *Teal* rather than *Whetstone* and other prior cases upon which appellant relies.

Under the governing cases, the instrument in question charged appellant with the commission of an offense and vested the trial court with jurisdiction, even though the instrument contained a defect. *See Teal*, 230 S.W.3d at 180–82; *Duron*, 956 S.W.2d at 549–51. Accordingly, we overrule appellant's sole appellate issue.

The trial court's judgment is affirmed.

---

1. On appeal, the State confesses error. But such a confession of error is not conclusive in deciding an appeal. *See Saldano v. State*, 70 S.W.3d 873, 884 (Tex.Crim.App.2002). Though the considered judgment of the prosecutor in a criminal case that the trial court's judgment is void is entitled to great weight, our judicial obligations compel us to examine independently the error confessed. *See id.*

If, after our independent examination of appellant's issue, we conclude that it lacks merit, we should overrule it, despite the State's confession. *See id.* at 884–91 (affirming trial court's judgment despite the State's confession of error based upon appellate court's independent determination that appellant's issue lacked merit).