**Motion Denied; Affirmed and Memorandum Opinion filed May 19, 2016.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-01069-CR

**MICHAEL MCCANN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 1 & Probate Court
Brazoria County, Texas
Trial Court Cause No. 209154**

### M E M O R A N D U M   O P I N I O N

Appellant Michael McCann was charged with failure to identify by giving false or fictitious information to a police officer. He was convicted by a jury and sentenced by the trial court to 180 days' confinement in the Brazoria County Jail, probated for 12 months. Appellant challenges his conviction on the grounds that (1) section 38.02 of the Texas Penal Code requires that the accused elect between his conception day of birth and the day of delivery; (2) section 38.02 violates

religious constitutional rights if the accused elects to use his day of birth, conception and delivery date; (3) section 38.02 does not contain the element of "live birth" as alleged by the State; (4) the offense of failure to identify is not an offense listed in the Texas Penal Code; (5) the complaint is invalid because it does not contain a citation to the Texas Penal Code; (6) the trial court did not have jurisdiction because the complaint does not present an offense; (7) section 38.02 is unconstitutional; (8) the State cannot charge appellant with an offense that occurred six months prior to the date of the information; (9) the trial court should have dismissed the case because the State failed to prove a crime; and (10) the trial court should have set aside the judgment notwithstanding the jury verdict. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged with failure to identify by giving false or fictitious information to a police officer. He waived his right to be represented by an attorney, entered a "not guilty" plea, and requested a jury trial. Trooper Joshua Strawn with the Texas Department of Public Safety stopped appellant on October 25, 2013, for speeding. During the traffic stop, appellant produced an "International Driver's Permit" that indicated appellant's date of birth to be October 8, 1948. It was later discovered that appellant's true date of birth is July 19, 1949.

A jury found appellant guilty and the trial court assessed punishment at 180 days in county jail, probated for one year. Appellant filed a timely notice of appeal. The District Clerk filed a clerk's record and appellant filed a pro se brief. No reporter's record was filed. Because this court was unaware whether appellant was entitled to proceed without payment of costs, the court abated the appeal for the trial court to determine whether appellant was entitled to a free record and

2

appointed counsel on appeal.

The trial court conducted a hearing at which appellant and the State appeared. At the hearing appellant stated his desire to continue the appeal. Appellant admitted he is not indigent. The trial court filed findings of fact and conclusions of law in which it found that appellant had not shown he was entitled to a free record or appointment of counsel.

On March 29, 2016, the State filed a motion to dismiss the appeal pursuant to Texas Rule of Appellate Procedure 37.3(c), which provides:

> (c) If No Reporter's Record Filed Due to Appellant's Fault. Under the following circumstances, and if the clerk's record has been filed, the appellate court may—after first giving the appellant notice and a reasonable opportunity to cure—consider and decide those issues or points that do not require a reporter's record for a decision. The court may do this if no reporter's record has been filed because:
>
> (1) the appellant failed to request a reporter's record; or
>
> (2)(A) appellant failed to pay or make arrangements to pay the reporter's fee to prepare the reporter's record; and
>
> (B) the appellant is not entitled to proceed without payment of costs.

Tex. R. App. P. 37.3(c)

An appellant has the burden to properly initiate the completion of a record sufficient to illustrate reversible error. *See* Tex. R. App. P. 35.3; *see also Perez v. State*, 261 S.W.3d 760, 764 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd). If the appellant fails to do so, and an issue on appeal involves matters omitted from the record due to the appellant's failure to request or pay for the record, then the appellant's actions will prevent the court of appeals from adequately addressing the dispute. *Id.* This failure to provide the record effectively waives any complaint on these issues. *Id*. Nonetheless, we may consider and decide those issues that do not require a reporter's record for a decision. *See* Tex. R. App. P. 37.3(c).

We do not read Rule 37.3(c) to permit dismissal of appellant's appeal. *See* Tex. R. App. P. 37.3(c) (permitting appellate court to consider and decide those issues or points that do not require a reporter's record for a decision). Therefore, we deny the State's motion to dismiss, but will address appellant's issues that do not require a reporter's record for a decision.

## II.   ANALYSIS

In his first and second issues and fourth through ninth issues appellant argues that and the trial court lacked jurisdiction because the information did not charge an offense under the Penal Code and section 38.02 of the Texas Penal Code is unconstitutional.

### A. The Charging Instrument

An indictment or information provides a defendant with notice of the offense and allows the defendant to prepare a defense. *Teal v. State*, 230 S.W.3d 172, 175 (Tex. Crim. App. 2007); *Martin v. State*, 346 S.W.3d 229, 231 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

Article 1.14 of the Texas Code of Criminal Procedure provides that:

> [i]f the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.

Tex. Code Crim. Proc. art. 1.14(b).

An information charging a person with committing an offense invokes the jurisdiction of the trial court, and jurisdiction is not contingent on whether the charging instrument contains defects of form or substance. *See Teal*, 230 S.W.3d at 177. The right to be charged by an instrument that is free of defects, errors, and

4

omissions is neither a "systemic" requirement nor a "waivable" right. *Sanchez v. State*, 120 S.W.3d 359, 367 (Tex. Crim. App. 2003); *see also Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993) (identifying and defining three categories of rights belonging to litigants as "systemic,", "waivable," and "forfeitable."). The defendant must object to any error in the charging instrument in a timely and specific manner, and any unobjected-to error in the charging instrument is not "fundamental." *Sanchez*, 120 S.W.3d at 367. Thus, Texas law "requires the defendant to object to any error in the [charging instrument] before the day of trial and certainly before the jury is empaneled." *Id*.

Nevertheless, for the trial court to have jurisdiction, there still must be a charging instrument. *See Martin*, 346 S.W.3d at 232. A charging instrument must allege that (1) a person (2) committed an offense. *Teal*, 230 S.W.3d at 179; *see also* Tex. Const. art. V, § 12(b) (defining "indictment" and "information" as written instruments presented to the court "charging a person with the commission of an offense"). Accordingly, a defendant may challenge for the first time on appeal an instrument that fails to charge the commission of an offense or does not charge a particular person with the crime. *See Teal*, 230 S.W.3d at 178–80.

To determine whether an instrument is so flawed that it does not constitute an actual charging instrument and thus does not vest the trial court with jurisdiction, the critical determination is whether the court and the defendant can identify what penal-code provision is alleged and whether that provision vests the trial court with jurisdiction. *Kirkpatrick v. State*, 279 S.W.3d 324, 328 (Tex. Crim. App. 2009). We look to the charging instrument as a whole, not just to its specific formal requisites. *Id*. If we conclude that the trial court and the defendant can determine that "the instrument intends to charge" an offense for which the trial court has jurisdiction, then the instrument charges the commission of an offense,

even if the instrument fails to allege an element of the offense or contains additional information indicating the person charged is innocent. *Teal*, 230 S.W.3d at 181–82; *Martin*, 346 S.W.3d at 232.

The information in this case provided:

> BEFORE the undersigned authority, on this day personally appeared SHEILA WREN, herein called "Affiant" who, after being by me duly sworn, on oath deposes and says: That the Affiant has good reason to believe and does believe and charge that heretofore, on or about the 25th day of October, 2013, and before the making and filing of this Complaint in the County of Brazoria and the State of Texas, that one MICHAEL MCCANN did then and there knowing that the said J. Strawn was a peace officer, intentionally give a false or fictitious date of birth, to-wit: October 8, 1948, to J. Strawn, a peace officer who had requested the information and who had good cause to believe that the defendant was a witness to a criminal offense, and the defendant was then and there a fugitive from justice; against the peace and dignity of the State.

A person commits the offense of failure to identify if the person intentionally gives a false or fictitious name, residence address, or date of birth to a peace officer who has lawfully arrested or detained the person. Tex. Penal Code Ann. § 38.02(c). Failure to identify is a misdemeanor offense. *Id.* Thus, based on the allegations in the information, both appellant and the trial court could determine that "the instrument intended to charge" a misdemeanor offense for which the trial court has jurisdiction. *See Teal*, 230 S.W.3d at 181–82; *Martin*, 346 S.W.3d at 232. Accordingly, we determine the trial court had subject matter jurisdiction in this case.

## B. Constitutionality of Texas Penal Code § 38.02

Appellant argues that section 38.02 is unconstitutional as applied to him because it "violates religious constitutional rights if the accused elects to use both of his day of birth, conception and delivery date."

The constitutionality of a statute as applied must be raised in the trial court to preserve error. *Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995); *see also Flores v. State*, 245 S.W.3d 432, 437 n. 14 (Tex. Crim. App. 2008) (noting the "well-established requirement that appellant must preserve an 'as applied' constitutional challenge by raising it at trial"). Moreover, a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009).

To preserve error for appeal, a party is required to make a timely request, objection or motion to the trial court and obtain an express or implied ruling. Tex. R. App. P. 33.1(a). The clerk's record does not contain an objection to the constitutionality of the statute. Without a reporter's record we cannot determine whether appellant objected at trial. Because there is no record that appellant requested the trial court to find the statute unconstitutional as applied to him, appellant has waived this complaint on appeal. *See Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008) ("[A]lmost all error—even constitutional error—may be forfeited if the appellant failed to object"). We overrule issues one and two and four through nine.

**C. Jury Charge**

In his third issue appellant appears to complain about the inclusion of a definition of "live birth" in the jury charge.

We review claims of charge error under a two-pronged test. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g); *Rolle v. State*, 367 S.W.3d 746, 757 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). We first determine whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005); *Rolle*, 367 S.W.3d at 757. If error exists, we then evaluate the harm caused by that error. *Ngo*, 175 S.W.3d at 743; *Rolle*, 367 S.W.3d at 757. The

degree of harm required for reversal depends on whether error was preserved in the trial court. When error is preserved in the trial court by timely objection, the record must show only "some harm." *Rolle*, 367 S.W.3d at 757. If a party asserts no objection, , then the error must be "fundamental error" and requires reversal only if it was so egregious and created such harm that the defendant has not had a fair and impartial trial. *Id*. In this case, we have no record of an objection to the jury charge. Therefore we review the charge for "fundamental error."

Appellant appears to argue that by including a definition of "live birth" in the jury charge, the State enlarged upon the allegations in the information and authorized the jury to convict appellant on facts not alleged by the State.

The application portion of the court's charge instructed the jury as follows:

> Now, bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt that the Defendant, Michael McCann, on or about the 25th day of October, 2013, in Brazoria County, Texas, did then and there knowing that the said J. Strawn was a peace officer, intentionally give a false or fictitious date of birth, to wit: October 8, 1948, to J. Strawn, a peace officer who had lawfully arrested or detained the Defendant, then you will find the Defendant "guilty" as charged in the Information, and say so by your verdict.

> But if you do not so believe or if you have a reasonable doubt thereof, you will acquit the Defendant and say by your verdict, "not guilty."

A defendant is to be tried only on the crimes alleged in the charging instrument. *Abdnor v. State*, 871 S.W.2d 726, 738 (Tex. Crim. App. 1994). The jury charge may not enlarge the offense alleged and authorize the jury to convict a defendant on a basis or theory permitted by the jury charge but not alleged in the charging instrument. *See Reed v. State*, 117 S.W.3d 260, 265 (Tex. Crim. App. 2003); *Head v. State*, 299 S.W.3d 414, 439 (Tex. App.—Houston [14th Dist.]

8

2009, pet. ref'd). A conviction cannot stand if premised upon an offense different from that set forth in the charging instrument. *Schmuck v. United States*, 489 U.S. 705, 717 (1989). The harm that flows from a charge that enlarges the offense alleged occurs if a defendant is convicted of an offense other than that charged in the information or indictment. *See Beasley v. State*, 426 S.W.3d 140, 148 (Tex. App.—Houston [1st Dist.] 2012, no pet.) ("jury rested its conviction on the crime [that] the defendant had not been charged with committing.").

The information charged appellant with failure to identify by giving false or fictitious information to a police officer, and appellant was convicted of that offense. Under the egregious-harm standard, we review alleged charge error by considering (1) the entirety of the charge itself, (2) the evidence, (3) the arguments of counsel, and (4) other relevant information revealed by the record. *See Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006); *Almanza*, 686 S.W.2d at 171. In this case, we do not have a record of the evidence or arguments of counsel.

Because we do not have a complete record we cannot engage in an analysis under *Almanza*. We overrule appellant's third issue.

### D. Sufficiency of the Evidence to Support Conviction

In his tenth and eleventh issues, appellant argues the trial court should have dismissed the case or set aside the jury's verdict because the State failed to prove a crime. We construe appellant's issues as challenges to the sufficiency of the evidence to support his conviction. In reviewing the sufficiency of the evidence, we must consider "all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt." *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011). Because we do not have a reporter's record from which to review the evidence, we

9

overrule issues ten and eleven.

Having addressed and overruled each of appellant's issues, we affirm the trial court's judgment.

PER CURIAM

Panel consists of Chief Justice Frost and Justices McCally and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).