

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00032-CR

Jose Luis **FLORES** Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 63rd Judicial District Court, Kinney County, Texas
Trial Court No. 2370
Honorable Enrique Fernandez, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:     Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice
             Jason Pulliam, Justice

Delivered and Filed:  September 28, 2016

AFFIRMED

On August 20, 2015, Appellant Jose Luis Flores Jr. was found guilty of assault on a family member by impeding blood or breathing. On October 15, 2015, the trial court assessed punishment at ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice. On appeal, Flores contends (1) the indictment was insufficient, defective, and failed to provide him with notice of the charged crime, and (2) the trial court lacked subject matter jurisdiction. We affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 19, 2014, Flores was indicted on the charge of assault on a family member by impeding blood or breathing, alleged to have been committed on September 5, 2014. The case was called for trial on August 25, 2015, and the State rested its case-in-chief the following day. Outside the presence of the jury, defense counsel orally moved for directed verdict asserting, for the first time, that the indictment was insufficient and defective. The trial court denied the motion. The jury found Flores guilty on August 26, 2015.

Following the completion of a pre-sentence investigation, and a sentencing hearing, the trial court assessed punishment at ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Flores's motion for new trial, based on the defective indictment, was denied on December 21, 2015.

On appeal, Flores contends (1) the indictment was insufficient, defective, and failed to provide him with notice of the charged crime, and (2) the trial court lacked subject matter jurisdiction.

## NECESSARY REQUIREMENTS OF AN INDICTMENT

We turn first to Flores's contention that the indictment failed to provide him sufficient notice of the charges against him.

### A.    Standard of Review

Our federal and state constitutions confer on criminal defendants the right to fair notice of the specific charged offense. *See* U.S. CONST. amend. VI ("In all criminal prosecution, the accused shall enjoy the right to . . . be informed of the nature and cause of the accusation . . ."); TEX. CONST. art. I, § 10 ("In all criminal prosecutions the accused shall have . . . the right to demand the nature and cause of the accusation against him, and to have a copy thereof."); *see also State v. Barbernell*, 257 S.W.3d 248, 250 (Tex. Crim. App. 2008). Because the sufficiency of the charging instrument

is a question of law, an appellate court conducts a de novo review. *Barbernell*, 257 S.W.3d at 251; *accord Smith v. State*, 309 S.W.3d 10, 13 (Tex. Crim. App. 2010) ("The sufficiency of a charging instrument presents a question of law.").

**B.      Flores's Argument**

Flores argues the indictment was insufficient and defective because it failed to track the language of Texas Penal Code Section 22.01(a)(1), "causes bodily injury." TEX. PEN. CODE ANN. § 22.01(a)(1) (West Supp. 2015). Rather, it tracked the language of section 22.01(b)(2)(B), "impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck[.]" *Id.* § 22.01(b)(2)(B).

**C.      Sufficiency of the Indictment**

An indictment serves two functions: it provides a defendant notice of the charges against him and vests a trial court with jurisdiction. *Riney v. State*, 28 S.W.3d 561, 565 (Tex. Crim. App. 2000); *Gonzalez v. State*, Nos. 04-10-00123-CR, 04-10-00124-CR, 04-10-00125-CR, 2011 WL 3849393, at *11 (Tex. App.—San Antonio Aug. 31, 2011, pet. ref'd) (mem. op.). To sufficiently vest a trial court with jurisdiction, an indictment must charge a person with the commission of an offense. *Cook v. State*, 902 S.W.2d 471, 477 (Tex. Crim. App. 1995) (citing TEX. CONST. art. V, § 12(b)); *Houston v. State*, 286 S.W.3d 604, 613 (Tex. App.—Beaumont 2009, pet. ref'd). "A failure to allege an element of an offense in an indictment . . . is a defect of substance." *Studer v. State*, 799 S.W.2d 263, 268 (Tex. Crim. App. 1990). Defects in an indictment, even substantive ones, however, do not deprive the trial court of subject matter jurisdiction. *Kirkpatrick v. State*, 279 S.W.3d 324, 328–29 (Tex. Crim. App. 2009) (*citing Teal v. State*, 230 S.W.3d 172, 181–82 (Tex. Crim. App. 2007)).

Our analysis necessarily begins with a review of the applicable statute and the indictment itself.

*1.     Whether Charging Instrument Alleges an Offense*

To determine if a charging instrument alleges "an offense," the proper test is "whether the allegations in it are clear enough that one can identify the offense alleged." *Teal*, 230 S.W.3d at 180; *accord Duron v. State*, 956 S.W.2d 547, 550–51 (Tex. Crim. App. 1997) (A charging instrument qualifies as an indictment if it "accuses someone of a crime with enough clarity and specificity to identify the penal statute under which the State intends to prosecute, even if the instrument is otherwise defective.")

Courts look to the indictment as a whole, not just to its specific formal requisites. *See Kirkpatrick*, 279 S.W.3d at 328 (*citing Teal*, 230 S.W.3d at 180). In *Teal*, the Court of Criminal Appeals established a three-step process for reviewing appellate complaints relating to indictments:

(1) Is there an indictment?

(2) If so, is the indictment defective, erroneous, or irregular in some respect?

(3) If so, did the defendant lodge a timely objection to the defect, error, or irregularity?

*Teal*, 230 S.W.3d at 183.

### a.     Existence of an Indictment

*Teal*'s first prong requires proof an indictment was returned against the accused. *Teal*, 230 S.W.3d at 183; *see also Cook*, 902 S.W.2d at 480 (requiring indictment include the accused's name); *Duron*, 956 S.W.2d at 551 (requiring indictment allege each element of the offense). Neither party contests Flores was charged by an indictment returned by a Kinney County Grand Jury.

### b.     Was Indictment Defective, Erroneous, or Irregular in Some Respect

An appellate court's analysis of whether the indictment was defective, erroneous, or irregular requires review of the underlying statute. *Teal*, 230 S.W.3d at 183; *see also Martin v.*

*State*, 346 S.W.3d 229, 232 (Tex. App.—Houston [14th Dist.] 2011, no pet.) ("The proper test to determine if a charging instrument charges 'the commission of an offense' is whether the allegations in it are clear enough that one can identify the offense alleged."). Here, Flores was charged with felony assault.

The applicable part of Texas Penal Code section 22.01 provides as follows:

(a) A person commits an offense if the person:

> (1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse; . . .

(b) An offense under Subsection (a)(1) is a Class A misdemeanor, except that the offense is a felony of the third degree if the offense is committed against: . . .

> (2) a person whose relationship to or association with the defendant is [a member of the defendant's family or household with whom the defendant has a dating relationship] (internal citations omitted), if: . . .
>
> > (B) the offense is committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by block the person's nose or mouth[.]

Tex. Pen. Code Ann. § 22.01(b)(2)(B).

In *Price v. State*, the Court of Criminal Appeals explained, "[t]hird-degree-felony family-violence assault cannot be committed without bodily injury." 457 S.W.3d 437, 442 (Tex. Crim. App. 2015); *but see Marshall v. State*, 479 S.W.3d 840, 843 (Tex. Crim. App. 2016) (concluding trial court's error in omitting "bodily injury" from the jury charge did not cause egregious harm).

The State's indictment against Flores read as follows:

. . .[O]n or about the 5th day of September, 2014, and before the presentment of this indictment, in said county and state, JOSE LUIS FLORES, JR., did then and there intentionally, knowingly, or recklessly impede the normal breathing and circulation of the blood of Ana Sandoval, a member of the said JOSE LUIS FLORES, JR.'S family and household and with whom JOSE LUIS FLORES, JR. has had a dating relationship, by applying pressure to the throat or neck of Ana Sandoval with his hand[.]

All parties agree that the indictment tracks the language of Penal Code Section 22.01(b)(2)(B). *See* TEX. PEN. CODE § 22.01(b)(2)(B). The indictment does not, however, include the language regarding "bodily injury" as required by section 22.01(a)(1). *See* TEX. PEN. CODE § 22.01(a)(1).

The failure to allege an element of the charged offense in the indictment is a defect of substance. *See Studer*, 799 S.W.2d at 268; *Teal*, 230 S.W.3d at 183; *see also Martin*, 346 S.W.3d at 232. The indictment in this case failed to contain the necessary "bodily injury" element described under section 22.01(a)(1). *See* TEX. PEN. CODE § 22.01(a)(1); *Price*, 457 S.W.3d at 442 ("Third-degree-felony family-violence assault cannot be committed without bodily injury."). We conclude that the indictment was defective.

  c.  <u>Whether Flores Lodged a Timely Objection to the Defect, Error, or Irregularity</u>

However, a defective indictment does not relieve Flores of the obligation to object to the indictment's error prior to the start of trial. *Teal*, 230 S.W.3d at 183. "A defendant forfeits appellate review if he 'does not object to a defect, error, or irregularity of form or substance in an indictment . . . before the date on which the trial on the merits commences.'" *Id.* (*citing* TEX. CODE CRIM. PROC. ANN. art. 1.14); *accord Martin*, 346 S.W.3d at 232.

Flores's case was called to trial on August 25, 2016. After the State rested its case-in-chief, defense counsel moved for directed verdict. During his oral motion for directed verdict defense counsel asserted, for the first time, that the indictment failed to allege the necessary elements of assault. Because any objection to the indictment's form or substance must be raised prior to the start of trial, Flores's objection was not timely. *Teal*, 230 S.W.3d at 183. We, therefore, conclude Flores failed to preserve the alleged indictment error for review on appeal. *See id.*

*2.      Egregious Harm Exception*

Although Flores contends the "egregious harm" exception from *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006), and *Price v. State*, 457 S.W.3d at 440, negates his failure to object before the start of trial, both cases are inapplicable to the case at hand. *Sanchez* and *Price* both addressed alleged *jury-charge error*. *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006); *Price v. State*, 457 S.W.3d at 440. An alleged error in the jury charge may be subject to reversal on appeal "regardless of whether a defendant raised an objection to it in the trial court— if that error caused the defendant egregious harm." *Sanchez*, 209 S.W.3d at 118; *accord Price*, 457 S.W.3d at 440.

Flores, however, does not allege jury charge error. To the contrary, Flores's sole issue on appeal rests on his contention that the indictment was defective. Specifically, Flores asserts the indictment failed to allege an element of the offense, not that the court's charge was in error. Accordingly, we overrule Flores's request to apply an egregious harm exception.

Having determined Flores failed to preserve the alleged indictment error, we overrule his first issue on appeal.

We next turn to Flores's assertion that the trial court lacked subject matter jurisdiction. *See Cook*, 902 S.W.2d at 477 (requiring indictment must charge a person with the commission of an offense to vest trial court with jurisdiction).

**D.      Subject Matter Jurisdiction**

Flores contends that because the indictment failed to identify the elements of the assault offense with enough particularity, the indictment failed to provide him with actual notice of the offense with which he was charged and, therefore, it did not invoke the trial court's subject matter jurisdiction. *See Kirkpatrick*, 279 S.W.3d at 328–29; *Teal*, 230 S.W.3d at 181–82. Although Flores waived his challenge to defects in the indictment, subject matter jurisdiction may never be

waived. *See Ex parte Moss*, 446 S.W.3d 786, 788 (Tex. Crim. App. 2014) ("We have held that a lack of personal or subject-matter jurisdiction deprives a court of any authority to render a judgment."); *accord Tex. Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993) ("Subject matter jurisdiction is an issue that may be raised for the first time on appeal; it may not be waived by the parties.").

A defendant has "a constitutional right to sufficient notice so as to enable him to prepare a defense." *Kellar v. State*, 108 S.W.3d 311, 313 (Tex. Crim. App. 2003) (citing TEX. CONST. art. I § 10). "[T]o give sufficient notice, the face of the indictment must allege, in plain and intelligible language, all the facts and circumstances required to establish the material elements of the offense charged." *State v. Hernandez*, 395 S.W.3d 258, 260 (Tex. App.—San Antonio 2012, no pet.) The question of sufficient notice is evaluated on the face of the indictment. *Riney*, 28 S.W.3d at 565. Though an indictment provides a defendant notice of the charges against him, *Cook*, 902 S.W.2d at 475, it is not the only means of satisfying this due process requirement, *Kellar*, 108 S.W.3d at 313–14. We also look to the record for sufficient notice to the defendant. *Id.*

Because the indictment did not include the "bodily injury" element, our determination of whether Flores was provided with sufficient notice requires a review of the entire record. *Id.* Here, the indictment and the capias, both issued on November 19, 2014, not only reference Texas Penal Code section 22.01(b), but also the relevant subsections. *See* TEX. PEN. CODE §§ 22.01(b)(2)(B); 22.01(a)(1); *Kellar*, 108 S.W.3d at 314 (holding that defendant received actual notice of State's case theory through his access to documents showing the instances of theft with which he was charged); *accord State v. Castorena*, 486 S.W.3d 630 (Tex. App.—San Antonio 2016, no pet. h.) (concluding that if defendant sought more specific information about the evidence on which the State intended to base its prosecution, the defendant could have and should have filed a motion to specify, but did not lack actual notice because of his failure to do so). Additionally, during the

trial court's ruling on Flores's motion for directed verdict, the trial court opined that all parties to the case were clearly aware of the penal code section under which Flores was charged. Based on a review of the entire record, we conclude the record supports that Flores had sufficient notice of the offense with which he was charged. *See Martin*, 346 S.W.3d at 232.

We, therefore, overrule Flores's contention the trial court lacked subject matter jurisdiction.

## CONCLUSION

The appellate record supports that Appellant Jose Flores failed to timely object to any error in the indictment and he failed to preserve appellate review. We also conclude Flores was afforded proper notice of the charges against him—assault on a family member as set forth in section 22.01 of the Texas Penal Code. Finally, we conclude the indictment accusing Flores of committing felony assault was pled with sufficient clarity and specificity to vest the trial court with subject matter jurisdiction.

Accordingly, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice

DO NOT PUBLISH