

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-19-00201-CR

**DEVIN LAMARCUS DIGGS,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the County Court at Law**
**Hill County, Texas**
**Trial Court No. M0063-19**

---

## MEMORANDUM OPINION ON REHEARING

---

On February 26, 2020, this Court issued an opinion reversing appellant's conviction for unlawful possession of a controlled substance in Penalty Group 3 in an amount less than twenty-eight grams and entering a judgment of acquittal. *See generally Diggs v. State*, No. 10-19-00201-CR, ___ S.W.3d ___, 2020 Tex. App. LEXIS 1619 (Tex. App.—Waco Feb. 26, 2020, no pet. h.). On March 12, 2020, the State Prosecuting Attorney filed a motion for rehearing, and we requested a response to that motion. After reviewing the motion for rehearing and response thereto, we grant the motion for rehearing. We

withdraw our memorandum opinion and judgment issued on February 26, 2020, and substitute this opinion and judgment.

In two issues, appellant, Devin Lemarcus Diggs, challenged his conviction for unlawful possession of a controlled substance in Penalty Group 3 in an amount less than twenty-eight grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.117(b). Specifically, appellant argued that: (1) there is a material variance between the charging instrument and the proof presented that renders the evidence insufficient, thus entitling him to an acquittal; and (2) evidence from the vehicle search should have been suppressed because law enforcement unnecessarily prolonged the traffic stop. Because we overrule both of appellant's issues, we affirm.

**BACKGROUND**

Appellant was charged by information with the offense of unlawful possession of a controlled substance in an amount by aggregate weight, including any adulterants and dilutants, of less than twenty-eight grams. *See id.* Pursuant to a plea bargain with the State, appellant pleaded nolo contendere to the charged offense. The trial court found appellant guilty of the charged offense and sentenced him to serve 180 days in the county jail. The trial court gave appellant permission to appeal. The scope of the permission to appeal was not limited to the ruling on the pretrial/pre-plea motion to suppress. *See* TEX. R. APP. P. 25.2(a)(2)(B).

ANALYSIS

In his first issue, appellant contended that there is a fatal variance between the charging instrument and the proof presented that renders the evidence insufficient. This case does not involve a "variance" of any type. Regardless of how it is labeled, the issue is whether there is a missing allegation, that may or may not be required to be included in the information, and whether that defect renders the information so defective as to deprive the trial court of jurisdiction. *See Grant v. State*, 970 S.W.2d 22, 23 (Tex. Crim. App. 1998).

For the trial court to have jurisdiction, there must be a charging instrument. *See Jenkins v. State*, 592 S.W.3d 894, 898 (Tex. Crim. App. 2018); *see also Martin v. State*, 346 S.W.3d 229, 230-31 (Tex. App.—Houston [14th Dist.] 2011, no pet.). A charging instrument must allege that (1) a person (2) committed an offense. *See Jenkins*, 592 S.W.3d at 898; *Teal v. State*, 230 S.W.3d 172, 179 (Tex. Crim. App. 2007); *see also* TEX. CONST. art. V, § 12(b) (defining "indictment" and "information" as written instruments presented to the court charging a person with the commission of an offense.).

The body of the text of the information alleged that appellant "did then and there knowingly and intentionally possess a controlled substance, to wit: Acetaminophen in an amount by aggregate weight, including any adulterants and dilutants, of less than 28 grams." It is undisputed that acetaminophen, which is the generic name for the active ingredient in the over-the-counter product known by the brand name Tylenol, is not, by itself, a controlled substance listed in Penalty Group 3. See TEX. HEALTH & SAFETY CODE

ANN. § 481.104(a) (listing the substances that are considered Penalty Group 3 controlled substances). The issue is whether the omission of the identification of the specific drug in Penalty Group 3 is required to have an information that is adequate to invoke the trial court's jurisdiction, although it may, nevertheless be defective and, thus, subject to an objection on the basis of inadequate notice of the offense charged.

However, a charging instrument can be defective, but still vest the trial court with jurisdiction. *See Jenkins*, 592 S.W.3d at 898. In *Duron v. State*, the Court of Criminal Appeals stated that "a written instrument is an indictment or information under the Constitution if it accuses someone of a crime with enough clarity and specificity to identify the penal statute under which the State intends to prosecute, even if the instrument is otherwise defective." 956 S.W.2d at 550-51. But a defect can "render the instrument a non-indictment" if the charging instrument "make[s] it impossible for the defendant to know with what offense he had been charged." *Id.* at 550; *see Jenkins*, 592 S.W.3d at 902 (holding that the proper test is whether the face of the charging instrument is clear enough to give an appellant adequate notice of the charge against him).

The face of the information includes a caption that states the following: "POSS CS PG3 <28G." Furthermore, as stated above, the information alleged that appellant knowingly and intentionally possessed a controlled substance in an amount less than twenty-eight grams. We conclude that the information, as a whole, provided appellant adequate notice of the charge against him. *See Jenkins*, 592 S.W.3d at 902; *Duron*, 956 S.W.2d at 550-51; *see also Teal*, 230 S.W.3d at 180-81 ("After *Studer* and *Cook*, courts must

now look to the indictment as a whole, not to its specific formal requisites. . . . Thus, the indictment, despite whatever substantive defects it contains, must be capable of being construed as intending to charge a felony (or a misdemeanor for which the district court has jurisdiction).").  We cannot say that the information was so defective as to deprive the trial court of jurisdiction over this matter.  *See Jenkins*, 592 S.W.3d at 898; *Teal*, 230 S.W.3d at 179; *see also Martin*, 346 S.W.3d at 230-31.  Moreover, because the information was adequate to invoke the trial court's jurisdiction, any complaint about the substance of the information, including the failure to identify the specific controlled substance appellant allegedly possessed—was waived by appellant's failure to object in the trial court.  *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b); TEX. R. APP. P. 33.1; *see also Teal*, 230 S.W.3d at 182.  Appellant's first issue is overruled.

## MOTION TO SUPPRESS

In his second issue, appellant argues that the trial court erred by denying his motion to suppress because the road-side search of the vehicle was illegal due to unnecessary delays.  In reviewing a trial court's ruling on a motion to suppress, we defer to the trial court's factual determinations, but review de novo the trial court's application of the law to the facts.  *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  Because the trial court did not make explicit findings of fact, we "review the evidence in the light most favorable to the trial court's ruling" and "assume that the trial court made implicit findings of fact supported in the record that buttress its conclusion."  *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000).

Here, the record demonstrates that the car was searched with consent, which was never withdrawn. Because the driver gave his voluntary consent to the road-side search of his vehicle, and because neither appellant, who was a passenger, nor the driver of the vehicle revoked consent to search the vehicle, or the specific backpack in which the pills were found, we cannot conclude that the search was illegal or that the trial court erred by denying appellant's motion to suppress. *See Estrada v. State*, 30 S.W.3d 599, 605 (Tex. App.—Austin 2000, pet. ref'd) ("Because the search at the station was a continuation of the search begun beside the highway, to which appellant gave his voluntary and unrevoked consent, the question of probable cause [to search] is irrelevant."); *see also Carmouche*, 10 S.W.3d at 328; *Guzman*, 955 S.W.2d at 89; *cf. Fields v. State*, 932 S.W.2d 97, 105 (Tex. App.—Tyler 1996, pet. ref'd) (holding that the search of a car at the sheriff's office was valid because the defendant and passenger consented without limitation at the side of the highway and because neither objected to the car's movement to another location due to inclement weather and construction in the area of the stop). Appellant's second issue is overruled.

**CONCLUSION**

We affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson,
     and Senior Justice Davis[1]
Affirmed
Opinion delivered and filed June 30, 2021
Do not publish
[CR25]



---

[1] The Honorable Rex Davis, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.